1  | COOLEY GODWARD KRONISH LLP
2  | MICHELLE C. DOOLIN (179445) ( mdoolin@cooley.com)
   | MAZDA K. ANTIA (214963) (mantia@cooley.com)
3  | BENJAMIN F. CHAPMAN (234436) (bchapman@cooley.com)
   | 4401 Eastgate Mall
   | San Diego, CA 92121
4  | Telephone:    (858) 550-6000
   | Facsimile:    (858) 550-6420
5
6  | Attorneys for Defendant
   | Allied Capital Corporation

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  | SABRINA LAGUNA, an individual; and        | '09 CV 2131 JM      RBB
    | ROES 1-50 on behalf of themselves and in a |
12  | representative capacity for all others similarly | **NOTICE OF REMOVAL OF ACTION**
    | situated,                                  | **UNDER 28 U.S.C. §§ 1332, 1441, AND**
13  |                                            | **1453**
14  |                   Plaintiff,

15  |              v.

16  | COVERALL NORTH AMERICA, INC., a
    | Delaware Corporation; ALLIED CAPITAL
17  | CORPORATION, a Maryland Corporation;
    | and DOES 1 through 50, inclusive,
18  |                   Defendants.

19

FILED

2009 SEP 29  PH 2: 50

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# ORIGINAL

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1    TO PLAINTIFF, HER ATTORNEYS-OF-RECORD, AND THE CLERK OF THE

2  ABOVE CAPTIONED COURT:

3    PLEASE TAKE NOTICE that Defendant Allied Capital Corporation ("Allied Capital")

4  removes the above-captioned action from the Superior Court of the State of California, County of

5  San Diego, where the action is now pending, to the United States District Court for the Southern

6  District of California.  This civil action is removed on the basis of federal question jurisdiction

7  pursuant to 28 U.S.C. §§ 1332, 1441, and 1453.  In support of this Notice of Removal, Allied

8  Capital state as follows:

9               **PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**

10    1.    On or about August 20, 2009, Sabrina Laguna ("Plaintiff") filed a Second

11  Amended Complaint in the Superior Court of the State of California, County of San Diego,

12  entitled *Sabrina Laguna, an individual; and ROES 1-50 on behalf of themselves and in a*

13  *representative capacity for all others similarly situated v. Coverall North America, Inc., Allied*

14  *Capital Corp., et al.*, Case No. 37-2008-00089347-CU-OE-CTL (the "SAC").  True and correct

15  copies of the SAC and Summons served on Defendant Allied Capital are attached hereto as

16  Exhibit 1.

17    2.    The SAC alleges the following claims / violations:  (1) breach of contract; (2)

18  False Advertising Statute (Cal. Bus. & Prof. Code § 17500, *et seq.*); (3) California Labor Code

19  §§ 1194, 1194.2, and 1197; (4) California Labor Code §§ 510, 1194, *et seq.*; (5) California Labor

20  Code § 226.7; (6) California Labor Code §§ 226.7 and 512; (7) conversion; (8) the Unfair

21  Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200, *et seq.*); and (9) California Labor

22  Code §§ 216, 553, and 1199.  (SAC, preamble).

23    3.    On August 31, 2009, Defendant Allied Capital was served with the Summons and

24  SAC.  The SAC added Defendant Allied Capital to the case.  Prior to the SAC, Defendant Allied

25  Capital was not a defendant in this action.

26    4.    This Notice of Removal is timely because it has been filed within thirty days of

27  when Defendant Allied Capital was served with the summons and SAC.  *See* 28 U.S.C.

28  § 1446(b).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

DEFENDANT ALLIED CAPITAL'S NOTICE OF
REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, AND 1453

1      5.      Defendant Allied Capital will serve written notice of this filing on Plaintiff,

2   through her counsel, as required by 28 U.S.C. § 1446(d).

3   **SUBJECT MATTER JURISDICTION**

4      6.      Removal to this Court is proper because this Court has original subject-matter

5   jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28

6   U.S.C. §§ 1332(d) and 1453.   CAFA provides for subject-matter jurisdiction where:   (1) the

7   proposed number of putative class members is over 100; (2) at least one plaintiff and one

8   defendant are citizens of different states, and in some instances, the principal defendant is not a

9   citizen of the forum state; and (3) the amount in controversy, including but not limited to the

10   aggregate amount of relief sought by absent class members, exceeds $5 million. 28 U.S.C.

11   § 1332(d)(2). As set forth below, this case meets all of the aforementioned requirements.

12   **CLASS SIZE**

13      7.      Plaintiff seeks to certify a class defined as "all individuals in the State of

14   California who have executed a 'Janitorial Franchise Agreement' with Defendants and performed

15   services under said agreement during the statutory time period ('Class Members')." (SAC, ¶ 54).

16      8.      Plaintiff alleges that the "class members she seeks to represent, include thousands

17   of former and current cleaning workers who have executed 'Janitorial Franchise Agreements'

18   with Defendants." (*Id*. at ¶ 53).  Accordingly, the SAC alleges that the aggregate number of class

19   members is greater than 100 for purposes of satisfying 28 U.S.C. § 1332(d)(5)(B).

20      9.      Further, Plaintiff alleges that "Defendants employ thousands of cleaning workers

21   across the State of California to perform cleaning work for customers who hold pre-existing

22   cleaning services accounts with Defendants.  These cleaning workers include Plaintiff."  (SAC,

23   ¶ 18).

24      10.      And, Plaintiff also alleges "the class is sufficiently numerous because several

25   hundred individuals throughout California have, during the class period, worked for Defendants

26   in the capacity described herein and executed contracts with Defendants under the terms

27   described herein." (*Id*. at ¶ 55).  Accordingly, the SAC contains a number of allegations that the

28

1   aggregate number of class members is greater than 100 for purposes of satisfying 28 U.S.C.

2   § 1332(d)(5)(B).

3   ## DIVERSITY OF CITIZENSHIP

4   11.   Plaintiff and Defendant Allied Capital are citizens of different states, and

5   Defendant Allied Capital is not a citizen of the forum state.

6   12.   Plaintiff is and at all relevant times was a citizen of California, residing in Los San

7   Diego County.  (SAC, ¶ 2).

8   13.   Defendant Allied Capital is a corporation organized under Maryland law, with its

9   principal place of business in Washington D.C.   *See* Declaration of Ralph G. Blasey III, ¶ 2

10  (attached hereto as Exhibit 2); SAC, ¶ 6 ("Plaintiff alleges that Defendant ALLIED CAPITAL

11  CORPORATION aka ALLIED CAPITAL is a Maryland Corporation.").   Accordingly,

12  Defendant Allied Capital is a citizen of Maryland and Washington D.C. pursuant to 28 U.S.C.

13  § 1332(c)(1)).

14  14.   The citizenship of unnamed "Doe" defendants sued under fictitious names is

15  disregarded for purposes of removal.  28 U.S.C. § 1441(a).

16  15.   All of the class members are citizens of California and not citizens of the states in

17  which Defendant Allied Capital is a citizen, namely, Maryland, and Washington D.C.

18  Accordingly, minimum diversity is satisfied pursuant to 28 U.S.C. § 1332(d)(2)(A).

19  ## AMOUNT IN CONTROVERSY

20  16.   The amount in controversy in this action exceeds $5 million in the aggregate.

21  17.   Plaintiff seeks to certify a class defined as "all individuals in the State of

22  California who have executed a 'Janitorial Franchise Agreement' with Defendants and performed

23  services under said agreement during the statutory time period ('Class Members')." (SAC, ¶ 54).

24  18.   Plaintiff alleges that "Defendants employ thousands of cleaning workers across the

25  State of California to perform cleaning work for customers who hold pre-existing cleaning

26  services accounts with Defendants.  These cleaning workers include Plaintiff." (*Id.* at ¶ 18).

27  19.   Plaintiff further alleges that she "paid a franchise fee of $29,624.00." (*Id.* at ¶ 31).

28

Cooley Godward
Kronish LLP
Attorneys At Law
San Diego

4.

Defendant Allied Capital's Notice of
Removal Under 28 U.S.C. §§ 1332, 1441, and 1453

20.     Plaintiff alleges that she and the class members "were damaged by suffering the loss of money paid in the form of initial franchise fees." (*Id*. at ¶ 79).  Plaintiff generally seeks "to obtain restitution of all funds seized from Plaintiff and Class by reason of and through the use of such false advertising." (*Id*. at ¶ 80).  This claim for restitution includes the initial franchise fees. (*Id*. at ¶¶ 79-80).

21.     Without conceding the validity of Plaintiff's theories of damages (or, of course, liability), Plaintiff alleges that she and the Class are entitled to the restitution of the "initial franchise fees." (*Id*. at ¶ 79).

22.     Plaintiff's putative class runs from "August 8, 2004, through the present." (*Id*. at ¶ 1).  From 2005 to the present, there have been 504 Franchise Agreements entered into in California, for a total amount of franchise fees of $6,336,758.  *See* Declaration of Shelley Meronchuk, ¶¶ 3-7 (attached hereto as Exhibit 3).  Accordingly, Plaintiff's damages request for restitution of the janitorial franchise fees alone is over the $5 million requirement contained in 28 U.S.C. § 1332(d)(2).

23.     Plaintiff also seeks damages related to Defendants' purported failure to "provide Plaintiff [and the Class] with $10,000 in gross monthly volume, thereby breaching the Agreement" (SAC, ¶¶ 65-70).  Given that there are at least 504 putative class members, this damages request, over a five year period (class period to date) is also significant.  Similarly, Plaintiff also seeks damages consisting of payments for "wages, overtime wages, and premium pay compensation for unprovided rest and meal periods" for the Class. (*Id*. at Prayer for Relied, ¶ 4).  Given that there are at least 504 putative class members, this damages request, over a five year period (class period to date) is also significant.  The cumulative amount of these potential damages is not detailed here because the claim for restitution of the franchise fees exceeds the jurisdictional amount.

///

///

///

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

DEFENDANT ALLIED CAPITAL'S NOTICE OF
REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, AND 1453

## NOTICE TO THE SUPERIOR COURT OF SAN DIEGO COUNTY

24.    Contemporaneously with the filing of this notice in the above-captioned court, and pursuant to 28 U.S.C. § 1446(d), Defendant Allied Capital will file a true and correct copy of this Notice of Removal with the clerk of the Superior Court of San Diego County.

25.    Removal to this judicial district is proper under 28 U.S.C. § 1446(a) because it embraces the place where this action was originally pending, namely, the San Diego County Superior Court.

26.    Defendant Allied Capital, as a recently added defendant to this action, has not been served with any pleadings in this case, other than the SAC.   Accordingly, Defendant Allied Capital has complied with 28 U.S.C. § 1446(a), which requires a moving party to file all "cop[ies] of all process, pleadings, and orders served upon such defendant . . . in such action."   However, Defendant Allied Capital has endeavored to obtain copies of all of the pleadings filed in the action in state court by sending a process server to the San Diego Superior Court to copy the entire state court file.   Unfortunately, as of the date of this Notice, the San Diego Superior Court has been unable to locate the file for this action.   Defendant Allied Capital will continue its efforts to obtain the state court file, and will file it with the Court as soon as practicable.

27.    Nothing herein constitutes a waiver of any of Defendant Allied Capital's rights, objections or defenses.

WHEREFORE, Defendant Allied Capital respectfully requests that this action proceed in this Court.


Dated: September 29, 2009                COOLEY GODWARD KRONISH LLP



_Mazda K. Antia_
Mazda K. Antia (214963)
Attorneys for Defendant
Allied Capital Corporation

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

DEFENDANT ALLIED CAPITAL'S NOTICE OF
REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, AND 1453



RECYCLED

Exhibit 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

<div style="float:right; border:1px solid;">FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COVERALL NORTH AMERICA INC., a Delaware Corporation and
DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SABRINA LAGUNA, an individual; and ROES 1-50 on behalf of
themselves and in a representative capacity for all others similarly
situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Diego Judicial District-Superior Court of California<br>330 West Broadway, San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2008-00089347-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Raul Cadena, CADENA CHURCHILL, LLP
1202 Kettner Blvd., Suite 4100, San Diego, CA 92101

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | AUG 0 8 2008  619.546.0888 | Clerk, by **SANDRA VILLANUEVA**<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Allied Capital Corporation, a Maryland corporation

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☒ by personal delivery on *(date):* 8/31/09

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. January 1, 2004) | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc.  www.USCourtForms.com |

Exhibit 1, pg. 7

1  L. TRACEE LORENS (SBN 150138)
   WAYNE ALAN HUGHES (SBN 48038)
2  **LORENS & ASSOCIATES, APLC**
   701 "B" Street, Suite 1400
3  San Diego, CA 92101
   Telephone: 619.239.1233
4  Facsimile: 619.239.1178

5  RAUL CADENA (SBN 185787)
   **CADENA CHURCHILL, LLP**
6  701 "B" Street, Suite 1400
   San Diego, CA 92101
7  Telephone: 619.546.0888
   Facsimile: 619.923.3208

8
   Attorneys for Plaintiff and all others similarly situated
9

AUG 13 '09 PM 12:03

F I L E D
Clerk of the Superior Court

AUG 2 0 2009

By: G. CERVANTES, Deputy

10
11                    **SUPERIOR COURT OF CALIFORNIA**

12                      **COUNTY OF SAN DIEGO**

13  SABRINA LAGUNA, an individual; and ROES 1-)   Case No.: 37-2008-00089347-CU-OE-CTL
    50 on behalf of themselves and in a representative )
    capacity for all others similarly situated   )   **PLAINTIFF'S SECOND AMENDED**
14                                                 )   **CLASS AND REPRESENTATIVE**
                                                   )   **ACTION COMPLAINT FOR**
15                        Plaintiffs,              )   **DAMAGES AND INJUNCTIVE**
                                                   )   **RELIEF FOR:**
16  v.                                             )
                                                   )   **1. BREACH OF CONTRACT;**
17                                                 )   **2. MISLEADING ADVERTISING**
    COVERALL NORTH AMERICA, INC., a)                   (Bus. & Prof. Code § 17500 *et seq.*);
18  Delaware Corporation, ALLIED CAPITAL)             **3. FAILURE TO PAY MINIMUM**
    CORPORATION, a Maryland Corporation, and)          **WAGE (Labor Code §§ 1194, 1194.2,**
19  DOES 1 through 50 inclusive                  )      **1197;**
                                                   )   **4. FAILURE TO PAY OVERTIME**
20                        Defendants.              )   **COMPENSATION (Labor Code §§ 510,**
                                                   )   **1194 *et seq.*);**
21                                                 )   **5. FAILURE TO PROVIDE REST**
                                                   )   **PERIODS OR COMPENSATION IN**
22                                                 )   **LIEU THEREOF (Labor Code § 226.7;**
                                                   )   **IWC Wage Orders);**
23                                                 )   **6. FAILURE TO PROVIDE MEAL**
                                                   )   **PERIODS OR COMPENSATION IN**
24                                                 )   **LIEU THEREOF (Labor Code §§ 226.7,**
                                                   )   **512; IWC Wage Orders);**
25                                                 )   **7. CONVERSION;**
                                                   )   **8. UNFAIR BUSINESS PRACTICES**
26                                                 )   (Bus. & Prof. Code § 17200 *et seq.*);
                                                   )   **9. THEFT OF LABOR (Labor Code**
27                                                 )   **§§ 216, 553 & 1199; Penal Code §§ 484**
                                                   )   **& 532); and**
28                                                 )   **10. INJUNCTIVE RELIEF**
                                                   )   **DEMAND FOR JURY TRIAL**

-1-

Plaintiff's Second Amended Complaint

Exhibit 1, pg. 8

# I.

## INTRODUCTION

1.      Plaintiffs bring this action pursuant to California Code of Civil Procedure Section 382, against Defendants COVERALL NORTH AMERICA, INC. (hereinafter collectively "Defendants"). This class action is brought on behalf of workers who have performed cleaning services for Defendants from August 8, 2004, through the present. The above-named Plaintiff and other similarly situated individuals have been subjected to systematic misrepresentations and breaches of contract in their relations with Defendants as described herein. Defendants purport to sell cleaning "franchises," knowing that they lack sufficient business to satisfy their obligations under their franchise agreements. Individuals purchase these "franchises" for substantial sums of money, based on Defendants' misrepresentations about the guaranteed amount of monthly income the franchises will provide. These individuals are largely unsophisticated janitorial workers with a limited grasp of English. Moreover, they are not "franchisees" but in fact employees of Defendants, improperly misclassified as independent contractors. Defendants have intentionally misclassified these workers for the purpose of denying them the various benefits to which they are entitled as employees, including minimum wage, overtime compensation, rest and meal periods, other wage protections, and eligibility for unemployment and workers' compensation. The above-named Plaintiff seeks to recover, on her own behalf and on behalf of all similarly situated individuals, compensation for these violations, statutory trebling of wage-related damages, declaratory and injunctive relief and attorneys' fees and costs, as provided by law.

# II.

## THE PARTIES

2.      Plaintiff Sabrina Laguna is an individual residing in San Diego County, California. She executed a contract with Coverall on September 25, 2006, entitled "Janitorial Franchise Agreement" and paid an initial fee of $29,624.00. Plaintiff has performed cleaning services for various clients of Defendants from October, 2006 to the present. During the time she has performed services for Defendants' clients, Plaintiff has worked in excess of eight hours per day and forty hours per week, and without taking rest or meal breaks. However, Plaintiff was

-2-

Plaintiff's Second Amended Complaint

1   compensated below the rate of minimum wage for the State of California and received no premium

2   pay for unprovided rest and meal breaks.  She was compensated a flat rate which fell below the

3   guaranteed gross dollar income provided for in her agreement with Defendants.

4       3.    Plaintiff brings this action for herself and in a representative capacity pursuant to

5   Business and Professions Code §§ 17000-17200 *et seq.*, and as a class action on behalf of herself

6   and all others similarly situated.

7       4.    On information and belief, Plaintiff alleges that Defendant COVERALL

8   CLEANING CONCEPTS, LLC is a limited liability corporation qualified to do business in the

9   State of California and actually doing business in the State of California and County of San Diego.

10       5.    On information and belief, Plaintiff alleges that Defendant COVERALL NORTH

11   AMERICA, INC. is a corporation qualified to do business in the State of California and actually

12   doing business in the State of California and County of San Diego.

13       6.    On information and belief, Plaintiff alleges that Defendant ALLIED CAPITAL

14   CORPORATION aka ALLIED CAPITAL is a Maryland Corporation doing business in the State

15   of California and County of San Diego; are, and at all times relevant hereto were, the owners,

16   operators, shareholders, officers, directors, executives, members, partners, and/or the controlling

17   influences over COVERALL CLEANING CONCEPTS, LLC and COVERALL NORTH

18   AMERICA, INC.

19       7.    Plaintiff is unaware of the true names and legal capacities of the DOE

20   DEFENDANTS, and therefore sues those Defendants by these fictitious names.  Plaintiff will seek

21   leave of the Court to amend this Complaint to allege their true names and capacities when

22   ascertained.  Plaintiff is informed and believes, and thereon alleges that each DOE Defendant is

23   in some way responsible for the acts, omissions and damages alleged in this Complaint.

24       8.    Plaintiff is unaware of the true names of ROES 1 through 50, and therefore adds

25   them as Plaintiffs by these fictitious names.  Plaintiff will amend the Complaint to add their true

26   names when ascertained.

27   ///

28   ///

-3-

Plaintiff's Second Amended Complaint

|Exhibit __1__, pg. _10_

9.    At all times mentioned herein, each and every Defendant and entity named herein was the agent, principal, employer, employee, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, and/or successor in interest and predecessor of each and every other Defendant.  In doing the things alleged herein, each and every Defendant was acting within the course and scope of these relationships, and was acting with the consent, permission, authorization and acquiescence of each of the remaining Defendants.  All actions of each Defendant alleged herein were ratified and approved by the other Defendants and/or their officers or managing agents.

10.    Each of the above-described Defendants was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct.

11.    On information and belief, the Plaintiff alleges that COVERALL CLEANING CONCEPTS, LLC and COVERALL NORTH AMERICA, INC. were organized and operated by ALLIED CAPITAL CORPORATION and/or the DOE Defendants for the purpose of shielding the assets of Defendants from liabilities and that ALLIED CAPITAL CORPORATION and/or the DOE Defendants regularly removed cash and other assets from COVERALL CLEANING CONCEPTS, LLC and COVERALL NORTH AMERICA, INC. for the purpose of minimizing the assets of COVERALL CLEANING CONCEPTS, LLC and COVERALL NORTH AMERICA, INC. which could be executed or levied upon satisfaction of debts or judgments against Defendants.

12.    On information and belief, Plaintiff alleges that at all relevant times alleged herein, COVERALL CLEANING CONCEPTS, LLC and COVERALL NORTH AMERICA, INC. are and were a shell or conduit for the affairs of ALLIED CAPITAL CORPORATION and/or the DOE Defendants, and were the alter ego/(s) of ALLIED CAPITAL CORPORATION and/or the DOE Defendants. The corporate existence, if any, of COVERALL CLEANING CONCEPTS, LLC and COVERALL NORTH AMERICA, INC. should therefore be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein and the Proposed Class.

-4-

**Plaintiff's Second Amended Complaint**

13.   On information and belief, Plaintiff alleges that ALLIED CAPITAL CORPORATION is the only shareholder of both COVERALL CLEANING CONCEPTS, LLC as well as COVERALL NORTH AMERICA, INC. Plaintiff further alleges on information and belief that ALLIED CAPITAL CORPORATION has not respected normal corporate formalities and has not maintained COVERALL CLEANING CONCEPTS, LLC and COVERALL NORTH AMERICA, INC. as separate entities with separate identities. Further, based upon information and belief, Plaintiff alleges that Defendant ALLIED CAPITAL CORPORATION has failed to contribute capital, issue stock, or otherwise complete the formation of these entities, and has failed to adequately capitalize Defendants COVERALL CLEANING CONCEPTS, LLC and COVERALL NORTH AMERICA, INC.

14.   On information and belief, Plaintiff alleges that Defendant ALLIED CAPITAL CORPORATION has used the corporate assets of COVERALL CLEANING CONCEPTS, LLC to operate COVERALL NORTH AMERICA, INC. and at other times has utilized the corporate assets of COVERALL NORTH AMERICA, INC. to operate and capitalize COVERALL CLEANING CONCEPTS, LLC.

15.   On information and belief, Plaintiff alleges that Defendants COVERALL CLEANING CONCEPTS, LLC and COVERALL NORTH AMERICA, INC. have failed to adhere to required corporate formalities, including but not limited to, keeping corporate minutes, and on information and belief, further allege that if corporate minutes exist, they were created in the recent past and not contemporaneously with any board meetings, assuming any such meetings occurred. Further, on information and belief, Plaintiff alleges that Defendant ALLIED CAPITAL CORPORATION has disregarded COVERALL CLEANING CONCEPTS, LLC and COVERALL NORTH AMERICA, INC.'s corporate entities "separateness" and has merely used the corporate shield to profit personally and to protect itself from any COVERALL CLEANING CONCEPTS, LLC and/or COVERALL NORTH AMERICA, INC. liability.

///

///

///

Exhibit 1, pg. 12

## III.

## JURISDICTION AND VENUE

16.    This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, § 10, because this case is a cause not given by statute to other trial courts. The monetary damages sought by Plaintiffs total in excess of this Court's jurisdictional minimum. Defendants are subject to personal jurisdiction in this State.

17.    Venue is proper in this Court because the actions at issue occurred in San Diego County.

## IV.

## FACTS

18.    Defendants employ thousands of cleaning workers across the State of California to perform cleaning work for customers who hold pre-existing cleaning services accounts with Defendants. These cleaning workers include Plaintiff.

19.    Defendants require their cleaning workers to sign "franchise agreements" in order to obtain work, and label their cleaning workers as "franchisees."

20.    In order to induce workers to sign these franchise agreements Defendants apply high pressure sales tactics, then negligently and/or intentionally misrepresent that they have sufficient business to provide the monthly income promised the workers in their agreements.

21.    Thus, Defendants know they do not have sufficient business to satisfy the terms of the franchise agreements when they advertise franchises, solicit franchisees, and enter into franchise contracts. Defendants knowingly and willfully solicit and enter into agreements which they know they cannot perform.

22.    Defendants also misrepresent that workers will receive a higher hourly rate of pay for their work than Defendants know they will be able to earn.

23.    Defendants' franchise agreement is a form contract of adhesion establishing the terms and conditions of employment of Coverall cleaning workers.

24.    None of the Defendants' cleaning workers is able to negotiate for different terms and conditions from those appearing in the form franchise agreement.

-6-
**Plaintiff's Second Amended Complaint**

Exhibit ___1___, pg. 13

25.   The form franchise agreement is written exclusively in English, in highly technical and confusing language, with misleading section headings and provisions regarding waivers of important rights buried within the agreement.

26.   The form franchise agreement is not available in other languages, although many of the workers who sign these form franchise agreements have little to no fluency in English.

27.   Consequently, as Defendants know, the workers do not understand the terms of the agreement, whether or not they speak English.

28.   Defendants target immigrants in particular because they are easily victimized by Defendants' misrepresentations and other systematic legal violations, as described herein.

29.   In exchange for these large franchise fees, Defendants guarantee a certain level of monthly income beginning after the workers have made down payments to purchase their "franchise" and completed their training period.

30.   However, Defendants systematically breach their written agreements by not providing or offering sufficient or adequate work as promised to produce the guaranteed level of income.  Rarely if ever do the workers receive the promised level of monthly income.

31.   For example, Ms. Laguna paid a franchise fee of $29,624.00 and was promised $10,000 in monthly income but has received far less than this amount.

32.   Through a variety of means involving misrepresentation, Defendants purport to satisfy their obligations under the form franchise agreements when they have come nowhere near satisfying those obligations.  Through these means, Defendants attempt to make it appear that it is the workers' fault, rather than Defendants', that they do not have sufficient accounts to satisfy their monthly income guarantee.

33.   Defendants typically contend that they have fulfilled their obligations under the franchise contract by offering accounts, knowing that the accounts offered could not be accepted due to sheer impossibility of performing the number of hours of work required to service the accounts, or rates of pay well below what was promised.

///

///

Exhibit  1 , pg. 14

34.     Defendants also frequently violated the form franchise agreements by taking accounts away without warning and for no justifiable reason. Also in violation of the agreement, Defendants give no opportunity to correct or challenge alleged deficiencies in workers' performance.

35.     When doing so, Defendants frequently tell the workers performing the cleaning services that the customers were dissatisfied with their work, when in fact the customers were satisfied with their work.

36.     After taking an account away from a worker, Defendants then can offer the account to another worker who has signed a franchise agreement to count toward that person's monthly guarantee. In this way, Defendants churn the accounts they have in order to make it appear that they have satisfied their franchise agreements.

37.     When Defendants fail to satisfy the terms of the workers' franchise agreements by not offering sufficient accounts (that are free from misrepresentations) or by taking away accounts without justification or warning, they do not refund the franchise fees that the workers have already paid.

38.     In addition, Defendants deduct excessive fees from the payments it makes to the workers under the franchise agreements. These fees include but are not limited to a licensing fee for using Defendants' trademarks, sales and marketing fees, premiums account fees, royalties and management fees.

39.     Defendants significantly underbid cleaning contracts with its clients. As a result of this underbidding and the deduction of excessive fees from their pay, the workers who have contracted with Defendants receive far less pay for their work than the fair value of their services and far less pay than they were promised on an hourly and monthly basis.

40.     Defendants purport to classify their cleaning workers as independent contractors. However, these workers are in fact employees as they do not meet the definition of independent contractors as set forth in California Labor Code section 2750.5.

41.     The behavioral and financial control manifested over these workers by Defendants demonstrates that the workers are employees rather than independent contractors.

-8-

Plaintiff's Second Amended Complaint

42.   The cleaning workers perform services within Defendants' usual course of business, which is to provide cleaning services to customers.

43.   Also, Defendants instruct the cleaning workers in how to do their work and dictate their performance of the details of their jobs.

44.   The cleaning workers generally do not work in an independently established trade, occupation, profession, or business. Instead, as required by their contracts, the cleaning workers perform cleaning services exclusively for Defendants' clients.

45.   Also, the cleaning workers do not represent themselves to the public as being in an independent business to provide cleaning services, and they typically have not invested in an independent business apart from their payment of "franchise" fees to Defendants.

46.   Because of their misclassification by Defendants as independent contractors, these cleaning workers have not received the benefits that inure from the employment relationship under law.

47.   For example, Defendants' cleaning workers frequently do not receive the minimum wage for the work they perform.

48.   Although many of them, including Ms. Laguna, work more than 40 hours per week, they do not receive one and one-half times their regular rate for hours worked in excess of 40 hours per week.

49.   These cleaning workers also typically work for 8 hours or longer without taking a rest or meal break. They receive no additional compensation for completing a job without breaks.

50.   These cleaning workers do not receive pay for their time spent traveling between different accounts during the work day.

51.   Also, because of the misclassification, Defendants' cleaning workers are not covered by workers' compensation when they are injured on the job.

52.   Plaintiff now has an understanding from the deposition testimony of Defendants' executive officers, Dominique March and Laura Lynn Bach, that they report directly to ALLIED CAPITAL CORPORATION and in fact prepare data and reports regarding Coverall's cleaning workers for ALLIED CAPITAL CORPORATION because they were required to do so by ALLIED

-9-

Plaintiff's Second Amended Complaint

1  CAPITAL CORPORATION. These facts, coupled with the questions the two witnesses would not

2  answer and the discovery requests Defendants refused to answer, along with the clear evidence that

3  Coverall is not adequately capitalized, provides the basis for Plaintiff's alter ego allegations.

4                                        V.

5                         **CLASS ACTION ALLEGATIONS**

6       53.    Plaintiff, and the class members she seeks to represent, include thousands of former

7  and current cleaning workers who have executed "Janitorial Franchise Agreements" with

8  Defendants.

9       54.    Plaintiff brings this action against Defendants on her own behalf and on behalf of

10  all other persons similarly situated, as a class action, under California Code of Civil Procedure

11  section 382. Plaintiff seeks to represent a class composed of and defined as follows:  all

12  individuals in the State of California who have executed a "Janitorial Franchise Agreement" with

13  Defendants and performed services under said agreement during the statutory time period ("Class

14  Members").

15      A.    **Numerosity**

16      55.    The Class is comprised of an unknown number of persons at this time, but the

17  joinder of all these individuals is impractical, and the disposition of their claims in a class action

18  will benefit both the parties and this Court. The class is sufficiently numerous because several

19  hundred individuals throughout California have, during the class period, worked for Defendants

20  in the capacity described herein and executed contracts with Defendants under the terms described

21  herein.

22      B.    **Commonality**

23      56.    There is a well-defined community of interest in the questions of law and fact

24  involved affecting the parties to be represented. The class is united in its interests with respect to

25  proof of Defendants' common course of conduct or corporate policies and practices and the alleged

26  effects of injuries caused by such policies and practices. The questions of law and fact common

27  to the class predominate over questions which may affect individual class members, including the

28  following:

-10-

Plaintiff's Second Amended Complaint

1      a.    Whether Defendants have engaged in a pattern and/or practice in California of breaching their Janitorial Franchise Agreements with Plaintiff and other similarly situated cleaning workers;

b.    Whether Defendants have engaged in a pattern and/or practice in California of negligently misrepresenting the quantity of their business and the amount of labor required to service that business in order to induce Plaintiff and other similarly situated cleaning workers to enter into Janitorial Franchise Agreements and pay substantial initial fees;

c.    Whether Plaintiff and other similarly situated cleaning workers who have executed Janitorial Franchise Agreements with Defendants are properly classified as employees of Defendants, rather than independent contractors;

d.    Whether Defendants violated the Wage Orders by withholding overtime compensation from class members;

e.    Whether Defendants violated California Labor Code sections 226.7 and 512, the applicable IWC Wage Orders, regulations and statutes by failing to provide daily ten minute rest periods to their cleaning workers for every four hours or major fraction thereof worked and failing to provide adequate compensation in lieu thereof;

f.    Whether Defendants violated California Labor Code sections 226.7 and 512, the applicable IWC Wage Orders, regulations and statutes by failing to provide minimum 30 minute meal periods to their cleaning workers on days they worked in excess of five hours and failing to provide adequate compensation in lieu thereof;

g.    Whether the class is entitled to waiting time penalties under Labor Code section 203 and/or underpayment penalties under Labor Code section 558;

h.    Whether Defendants have made improper deductions from the compensation paid to Plaintiff and other similarly situated cleaning workers for their cleaning services.

i.    Whether Defendants committed unfair business practices under section 17200 *et seq.* of the Business & Professions Code;

-11-

Plaintiff's Second Amended Complaint

Exhibit 1, pg. 18

j.   Whether Defendants wrongfully converted monies owed to Plaintiff and other similarly situated cleaning workers; and

k.   Whether Plaintiff and other similarly situated cleaning workers have been damaged, and, if so, the extent of such damages and/or the nature of equitable and injunctive relief, restitution, compensatory and punitive damages to which the class members are entitled.

**C.   Typicality**

57.   Plaintiff is asserting claims that are typical of the claims of the various classes she seeks to represent. The cleaning workers who entered into Janitorial Franchise Agreements were almost uniformly misled, overworked and under-compensated by Defendants due to their particular vulnerability.

**D.   Adequacy of Representation**

58.   Plaintiff will fairly and adequately represent and protect the interests of the class in that she has no interests antagonistic to those of the class. Plaintiff has retained counsel who are competent and experienced in class action litigation. Plaintiff's attorneys have successfully reached multi-million dollar settlements in numerous wage and hour class actions totaling in excess of $50 million and have been litigating wage and hour class actions since approximately 1999.

**E.   Superiority of Class Action**

59.   Plaintiff and the class members have suffered damages as a result of Defendants' wrongful conduct. Absent a class action, Plaintiff and the individual cleaning workers whom she seeks to represent will not recover the unpaid compensation which is owed to them because the damages to each class member may be relatively small, and thus would be difficult to litigate individually.

60.   Class action treatment will allow these similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

///

-12-

Plaintiff's Second Amended Complaint

61.     Notice of the pendency of this action can be given either by regular mail or by publication, the cost of which, under California law, can and should reasonably be imposed upon Defendants.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

62.     Plaintiff repeats and incorporates by reference paragraphs 1 through 61, inclusive, as though fully set forth at length herein.

63.     The Class Period for this cause of action commences four (4) years prior to filing this complaint according to proof.

64.     On or about September 25, 2006, Plaintiff Sabrina Laguna and Defendant Coverall North America, Inc., doing business as Coverall of San Diego, entered into a Janitorial Franchise Agreement ("Agreement") for an initial term of twenty (20) years under which Plaintiff agreed to pay an initial "franchise fee" of $29,624, undergo specific training, and perform janitorial cleaning services for certain designated Coverall clients. In exchange, Plaintiff was granted the right to use the "Coverall" name and was assured a certain quantity of monthly income for servicing the Defendants' clients.

65.     Plaintiff performed cleaning services for different clients of Coverall located throughout San Diego county from October, 2006 until the present.  Plaintiff fulfilled all other terms and conditions under the Agreement and paid all fees in connection therewith.

66.     Despite Plaintiff's fulfillment of the Agreement's terms, and despite Defendants' guarantees, Defendants failed to provide Plaintiff with $10,000 in gross monthly volume, thereby breaching the Agreement.

67.     As a direct and proximate result of Defendants' breach of the Agreement, Plaintiff has been deprived of guaranteed income and has suffered additional damage  in a sum according to proof at trial.

68.     Defendants have entered into similar agreements with each of the Plaintiff Class Members, all of whom have paid substantial initial franchise fees and been promised a monthly gross dollar income which Defendants have failed to deliver on.

Exhibit 1 , pg. 20

1   69.   Defendants have breached their written agreements with the Plaintiff Class

2   Members in similar fashion to the manner in which they breached their Agreement with Plaintiff

3   Laguna, in violation of the common law of California.

4   70.   As a direct and proximate result of Defendants' breaches of their agreements with

5   the Plaintiff Class Members, each and every class member has suffered pecuniary and other

6   damages in a sum according to proof at trial.

7   ### SECOND CAUSE OF ACTION

8   **(Misleading Advertising [Bus. & Prof. Code §§ 17500 *et seq.*])**

9   71.   Plaintiff repeats and incorporates by reference paragraphs 1 through 70, inclusive,

10   as though fully set forth at length herein.

11   72.   Plaintiff brings this cause of action on behalf of herself and others similarly situated

12   challenging Defendants' advertising practices. Business & Professions Code Section 17500 *et seq.*

13   prohibits untrue or misleading advertising.   The advertisements include, without limitation,

14   representations to the effect that franchisees will receive a minimum monthly return for a

15   reasonable amount of work and will have guaranteed business customers for at least six months.

16   The advertisements further imply that Defendants are dedicated to assisting in franchisees'

17   individual success to the extent of training, collecting on customer accounts, assigning accounts

18   which may be feasibly serviced, and promptly replacing a customer who has cancelled an account

19   through no fault of the franchisee. The advertisements were disseminated to and received by the

20   public, including members of the Plaintiff class, in California.  A court may order injunctive relief

21   and restitution to affected members of the general public as remedies for any violation of Business

22   & Professions Code Section 17500 as part of the Unfair Competition Law ("UCL").

23   73.   By the actions set forth above, Defendants have engaged in advertising to the public

24   and offering to the public the opportunity to enter into janitorial franchise agreements.

25   74.   Defendants engaged in the advertising described herein with the intent to induce the

26   public to execute janitorial franchise agreements and pay initial franchise fees.

27   ///

28   ///

Exhibit 1, pg. 21

75.     Defendants' advertising was untrue or misleading and likely to deceive the public, in that while Defendants stated and implied that their franchisees would receive a minimum monthly return for a reasonable amount of work, in reality franchisees had no chance of seeing such a return unless they were to work an exorbitant number of hours, essentially reducing their hourly earnings to below minimum wage. Moreover, Defendants failed to act in good faith to assign geographically proximate accounts which franchisees could feasibly service. Defendants' advertising was also untrue or misleading in that Defendants were not dedicated to replacing cancelled accounts. Instead Defendants would falsely claim that customers had cancelled their accounts due to poor cleaning service, thus relieving Defendants of their obligation to replace the account.

76.     In making and disseminating the statements alleged herein, Defendants knew, or by the exercise of reasonable care should have known, that the statements were and are untrue or misleading and so acted in violation of Business & Professions Code Section 17500.

77.     The business acts and practices of Defendants as described also constitute an unfair business practice in violation of the UCL in that such acts and practices are substantially injurious to consumers and offensive to established California public policy.

78.     In addition, the business acts and practices of Defendants constitute a fraudulent business practice in violation of the UCL in that such acts and practices are likely to deceive California laborers as to their legal rights and obligations with respect to the risks and likely rewards of entering into a janitorial franchise agreement with Defendants.

79.     As a direct and legal (proximate) result of Defendants' misleading advertising, Plaintiff and all others similarly situated were damaged by suffering the loss of money paid in the form of initial franchise fees, and the loss of opportunity to pursue alternate business ventures.

80.     Pursuant to Business & Professions Code Section 17535, Plaintiff seeks to enjoin these acts and practices and to obtain restitution of all funds seized from Plaintiff and the Class by reason of and through the use of such false advertising. Pursuant to Business & Professions Code Section 17535, Plaintiff, individually and on behalf of all members of the general public who are, have been, or may be subjected to these unlawful, unfair and fraudulent business acts and practices,

-15-
Plaintiff's Second Amended Complaint

Exhibit __1__, pg. 22

1   hereby requests preliminary and permanent injunctive relief prohibiting such practices in the future,

2   and such other orders as may be necessary to restore to any person in interest, any money or

3   property, real or personal, which may have been seized from Plaintiff by means of such unlawful,

4   unfair, and fraudulent business practices.

5       81.    In addition, pursuant to Code of Civil Procedure Section 1021.5, Plaintiff and all

6   others similarly situated are entitled to recover their reasonable attorneys' fees, costs and expenses

7   incurred in bringing this action.

8                                   **THIRD CAUSE OF ACTION**

9              **(Failure to Pay Minimum Wage [Cal. Lab. Code §§ 1194, 1194.2, 1197])**

10      82.    Plaintiff repeats and incorporates by reference paragraphs 1 through 81, inclusive,

11  as though fully set forth at length herein.

12      83.    The Class Period for this cause of action commences four (4) years prior to filing

13  this complaint according to proof.

14      84.    Labor Code section 1197 provides, "the minimum wage fixed by the commission

15  is the minimum wage to be paid to employees, and payment of a less wage than the minimum so

16  fixed is unlawful."

17      85.    Labor Code section 1194 *et seq.* provides in relevant part that any employee

18  receiving less than the minimum wage applicable to the employee is entitled to recover in a civil

19  action the unpaid balance of the full amount of this minimum wage, including interest thereon,

20  reasonable attorneys' fees, and costs of suit.

21      86.    Labor Code section 1194.2 provides in relevant part that:   "In any action

22  under...Section 1194 to recover wages because of a payment of a wage less than the minimum wage

23  fixed by an order of the commission, an employee shall be entitled to recover liquidated damages

24  in amount equal to the wages unlawfully unpaid and interest thereon."

25  ///

26  ///

27  ///

28  ///

<div align="center">-16-

**Plaintiff's Second Amended Complaint**</div>

87.    As alleged herein, Defendants required Plaintiff and each Plaintiff Class Member to  work as needed to perform the requested cleaning services for their clients.  Based on the number of hours necessary to fulfill these clients' needs, Plaintiff and each Plaintiff Class Member frequently averaged less than minimum wage in compensation.  By their actions Defendants violated Labor Code section 1197 and are liable to Plaintiff and the Class.

88.    As a result of the unlawful acts of Defendants, Plaintiff and each Plaintiff Class Member have been deprived of compensation in amounts to be determined at trial, and are entitled to recover such amounts, including interest thereon, attorneys' fees, costs and any other damages as set forth under California law.

### FOURTH CAUSE OF ACTION

**(Failure to Pay Overtime Compensation [Labor Code §§ 510, 1194 *et seq.*])**

89.    Plaintiff repeats and incorporates by reference paragraphs 1 through 88, inclusive, as though fully set forth at length herein.

90.    At all relevant times herein, Plaintiff and each Plaintiff Class Member were entitled to payment of wages, including overtime compensation, for all time worked.  Plaintiff and each Plaintiff Class Member were entitled to wages equal to one and one-half times the minimum wage for all hours worked in excess of eight (8) hours in one day and forty (40) hours in one week. Plaintiff and each Plaintiff Class Member routinely were required to perform tasks without receiving minimum wage and overtime compensation.

91.    By their policy of requiring Plaintiff and each Plaintiff Class Member to perform tasks without being compensated, and requiring each employee to work overtime without compensating such employee at the rate of one and one-half times the minimum wage, Defendants violated the provisions of Labor Code section 1194, IWC Wage Orders, regulations and statutes.

92.    As a direct and legal result of Defendants' violation of the Labor Code and applicable wage orders, Plaintiff and each Plaintiff Class Member have been damaged in an amount to be proven at trial.

///

///

-17-
**Plaintiff's Second Amended Complaint**

Exhibit 1, pg. 24

93.     Pursuant to Labor Code sections 1194 and 1199, Plaintiff and each Plaintiff Class Member is entitled to, and request, unpaid overtime, interest, penalties and reasonable attorneys' fees and costs incurred in this action in an amount to proven at or following trial of this matter.

## FIFTH CAUSE OF ACTION

**(Failure to Provide Rest Periods or Compensation in Lieu Thereof [Labor Code § 226.7; IWC Wage Orders])**

94.     Plaintiff repeats and incorporates by reference paragraphs 1 through 93, inclusive, as though fully set forth at length herein.

95.     By their failure to provide paid ten-minute rest periods for every four hours or major fraction thereof worked per day by Plaintiff and each Plaintiff Class Member and failing to provide premium pay compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and applicable IWC Wage Orders, regulations and statutes. By failing to keep adequate records required by Section 226 and 1174(d) of the Labor Code, Defendants have made it difficult to calculate the unpaid rest period compensation due to Plaintiffs and each Plaintiff Class Member.

96.     As a result of the unlawful acts of Defendants, Plaintiff and each Plaintiff Class Member has been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, under Labor Code sections 226, 226.7, 1194 and 1199, IWC Wage Orders, regulations and statutes.

## SIXTH CAUSE OF ACTION

**(Failure to Provide Meal Periods or Compensation in Lieu Thereof [Labor Code §§ 226.7, 512; IWC Wage Orders])**

97.     Plaintiff repeats and incorporates by reference paragraphs 1 through 96, inclusive, as though fully set forth at length herein.

98.     By their failure to provide minimum 30-minute rest periods for days on which their cleaning workers worked in excess of 5 hours, and failing to provide premium pay compensation in lieu thereof, and failing to provide to provide a second meal period for days on which their cleaning workers worked in excess of 10 hours, and failing to provide compensation for such

-18-

Exhibit 1, pg. 25

1  unprovided second meal periods, as alleged above, Defendants willfully violated the provisions of

2  Labor Code section 512 and applicable IWC Wage Orders, regulations and statutes. By failing to

3  keep adequate records required by Section 226 and 1174(d) of the Labor Code, Defendants have

4  made it difficult to calculate the unpaid meal period compensation due to Plaintiffs and each

5  Plaintiff Class Member.

6       99.    As a result of the unlawful acts of Defendants, Plaintiff and each Plaintiff Class

7  Member has been deprived of premium wages in amounts to be determined at trial, and are entitled

8  to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, under

9  Labor Code sections 226, 226.7, 1194 and 1199, IWC Wage Orders, regulations and statutes.

10  <div align="center">**SEVENTH CAUSE OF ACTION**</div>

11  <div align="center">**(Conversion)**</div>

12       100.    Plaintiff repeats and incorporates by reference paragraphs 1 through 99, inclusive,

13  as though fully set forth at length herein.

14       101.    The Labor Code, and other applicable law, provide that wages become the property

15  of the employee on the next pay day after they are earned. In failing to pay and retaining the wages

16  owed to Plaintiff and each Plaintiff Class Member after they were earned, Defendants wrongfully

17  exercised dominion and control over monies otherwise owed to Plaintiff and each Plaintiff Class

18  Member. The amount of wages owed is capable of being made certain.

19       102.    As a direct and legal result of Defendants' actions, Plaintiff and each Plaintiff Class

20  Member have been damaged in amounts to be proven at trial.

21       103.    Defendants' conduct, in converting the pay owed to Plaintiff and each Plaintiff Class

22  Member pursuant to corporate practices and policies that Defendants knew violated applicable law,

23  was willful, malicious, oppressive and done with conscious disregard of Plaintiff's and each

24  Plaintiff Class Member's rights, entitling Plaintiff and each Plaintiff Class Member to punitive

25  damages.

26  ///

27  ///

28  ///

<div align="center">-19-</div>

Exhibit 1, pg. 26

## EIGHTH CAUSE OF ACTION

### (Unfair Business Practices - B&P Code § 17200 *et seq.*)

104.    Plaintiff repeats and incorporates by reference paragraphs 1 through 103, inclusive, as though fully set forth at length herein.

105.    The acts, statements and representations of Defendants, as set forth herein, constitute unlawful, unfair and fraudulent business practices pursuant to Business and Professions Code section 17200 *et seq.*

106.    The failure to pay minimum wage, overtime, and employees' missed meal and rest breaks is an unlawful, unfair and fraudulent business practice within the meaning of Business and Professions Code section 17200, *et seq.* including but not limited to a violation of the applicable State of California Industrial Welfare Commission Wage Orders, regulations and statutes, or is otherwise a practice which is unfair and unlawful, including that Defendants did not pay tax contributions on accrued straight time and overtime compensation and other wages in the form of FICA, Social Security, Medicare and Unemployment Insurance.

107.    This cause of action is brought under Business and Professions Code sections 17203 and 17204, commonly called the Unfair Competition Act, and in the alternative to the other causes of action for damages.  Under this cause of action and pursuant to Business and Professions Code section 17208, Plaintiff and each Plaintiff Class Member seek restitution of wages, overtime wages, breaks violation premium pay owed, and, where applicable, the Plaintiff and each Plaintiff Class Member seeks penalties which are provided under Labor Code section 203, where such wages, overtime wages and penalties were due to Plaintiff and each Plaintiff Class Member during the class period, commencing four (4) years prior to filing this complaint according to proof.

108.    This cause of action is brought as a cumulative remedy as provided in Business and Professions Code section 17205, and is intended as an alternative remedy for restitution for Plaintiff and each Plaintiff Class Member for the time period, or any portion thereof, commencing within four (4) years prior to the filing of this complaint, and as the primary remedy for Plaintiff and each Plaintiff Class Member for the time period of the fourth year prior to the filing of this complaint, as such one year time period exceeds the statute of limitations on statutory wage and

-20-

**Plaintiff's Second Amended Complaint**

1 | penalty claims.

2 |     109.  As a result of Defendants' unlawful and unfair business practice of failing to pay

3 | overtime and prompt payment of wages in violation of Labor Code sections 201 and 202, Plaintiff

4 | and each Plaintiff Class Member has suffered damages and is entitled to restitution in an amount

5 | according to proof.

6 |     110. Further, the Injunctive Relief Sub-Class Members request the violations of Defendants

7 | alleged herein be enjoined, and other equitable relief as this Court deems proper, including an order

8 | for the payment by Defendants of tax contributions on the unpaid wages in the form of FICA,

9 | Social Security, Medicare, Unemployment and other appropriate payments.

10 |     111.  Wherefore, Plaintiff and each Plaintiff Class Member request relief as hereinafter

11 | prayed for.

12 | **NINTH CAUSE OF ACTION**

13 | **(Theft of Labor [Labor Code §§ 216, 553 and 1199; Penal Code §§ 484 and 532])**

14 |     112.  Plaintiff repeats and incorporates by reference paragraphs 1 through 111, inclusive,

15 | as though fully set forth at length herein.

16 |     113.  Plaintiff is informed and believes, and thereon alleges, that Defendants, by the acts

17 | and omissions described herein, including but not limited to promising to pay Plaintiff and each

18 | Plaintiff Class Member for their labor while intending not to pay them in the proper amounts,

19 | knowingly and designedly, by false and/or fraudulent representations and/or pretenses, defrauded

20 | Plaintiff and each Plaintiff Class Member.

21 |     114.  By defrauding Plaintiff and each Plaintiff Class Member, Defendants violated Labor

22 | Code sections 216, 553 and 1199 and Penal Code sections 484 and 532.

23 |     115.  Plaintiff and each Plaintiff Class Member have suffered, and continue to suffer,

24 | damages as a direct and legal result of Defendants' violation of Labor Code sections 216, 553 and

25 | 1199 and Penal Code sections 484 and 532.  Plaintiff and each Plaintiff Class Member are entitled

26 | to relief for the damages they have suffered as a result of Defendants' violation of Labor Code

27 | sections 216, 553 and 1199 and Penal Code sections 484 and 532, in amounts to be determined

28 | according to proof at trial.

<div align="center">-21-</div>

Exhibit __1__, pg. 28

116. Plaintiff and each Plaintiff Class Member are informed and believe, and thereon allege that Defendants acted willfully, knowingly and intentionally engaging in the conduct described herein. Plaintiff and each Plaintiff Class Member are informed and believe and thereon allege that in doing the acts and engaging in the conduct herein alleged, Defendants acted in conscious disregard of the rights of Plaintiff and each Plaintiff Class Member and engaged in despicable conduct which has subjected Plaintiff and each Plaintiff Class Member to cruel and unjust hardship.

117. Further, Plaintiff and each Plaintiff Class Member are informed and believe and thereon allege that Defendants, in doing the acts and engaging in the conduct herein alleged, acted with oppression, fraud and malice, entitling Plaintiff and each Plaintiff Class Member to punitive damages, pursuant to Civil Code section 3294 in an amount that will punish Defendants for the conduct described herein and in an amount that will deter them and others from engaging in similar conduct in the future.

## TENTH CAUSE OF ACTION

### (Injunctive Relief)

118. Plaintiff repeats and incorporates by reference paragraphs 1 through 117, inclusive, as though fully set forth at length herein.

119. As alleged above, Defendants have in the past and will continue to do so in the future, unless enjoined, engage in the unlawful practice of not paying lawful minimum wage and overtime compensation, not providing rest and meal periods or premium pay in lieu thereof, and not promptly paying wages as required by Labor Code section 201-203, to the Injunctive Relief Sub-Class.

120. The members of the Injunctive Relief Sub-Class, who remain in a contractual and/or employment relationship with Defendants, have been injured and damaged, and will continue to be injured and damaged by the continued practices of Defendants of not paying lawful minimum wage and overtime compensation, not providing rest and meal periods or paying premium pay in lieu thereof, and not promptly paying wages as required by Labor Code sections 201-203. These Class Members have no adequate remedy at law, and will be irreparably harmed by the

-22-

Exhibit 1, pg. 29

1   continuation of such unlawful practices of Defendants.

2        121. Because Defendants have acted unlawfully as alleged above, and will continue to so

3   act in the absence of relief by this Court, preliminary and permanent injunctive relief is appropriate,

4   enjoining Defendants and their agents from engaging in such unlawful practices heretofore alleged.

5        122. Wherefore, Plaintiff and each member of the Injunctive Relief Sub-Class request relief

6   as hereinafter prayed for.

7                                    **PRAYER FOR RELIEF**

8   **Wherefore, Plaintiff, on her own behalf and on behalf of the Plaintiff Class, prays**

9   **as follows:**

10      1.   That the Court determine this action may be maintained as a class action and certify

11           the Plaintiff Class;

12      2.   That the Court determine Defendants breached their contracts with Plaintiff and

13           each Plaintiff Class Member and award compensatory damages, interest thereon

14           and consequential damages in an amount according to proof at trial;

15      3.   That the Court determine Defendants made material misrepresentations to Plaintiff

16           and each Plaintiff Class Member in inducing them to enter into Janitorial Franchise

17           Agreements and award compensatory damages, interest thereon and consequential

18           damages in an amount according to proof at trial;

19      4.   That Defendants be ordered to pay and judgment be entered for wages, overtime

20           wages, and premium pay compensation for unprovided rest and meal periods for

21           Plaintiff and each Plaintiff Class Member, according to proof at trial;

22      5.   That Defendants be ordered to pay and judgment be entered for Labor Code section

23           203 penalties to Plaintiff and each Plaintiff Class Member, according to proof at

24           trial;

25      6.   That Defendants be ordered to pay and judgment be entered for Labor Code section

26           558 penalties, according to proof at trial;

27      7.   That Defendants be found to have engaged in unfair competition in violation of

28           Business and Professions Code section 17200;

Plaintiff's Second Amended Complaint

Exhibit __1__, pg. 30

8.   That Defendants be ordered and enjoined to pay restitution to Plaintiff and each Plaintiff Class Member due to Defendants' unlawful and unfair business practices, including the wrongful withholding of wages according to proof, and interest thereon pursuant to Business and Professions Code sections 17203 and 17204;

9.   For a declaratory judgment;

10.  For preliminary and permanent injunctive relief, including the payment by Defendants of tax contributions on the accrued overtime compensation in the form of FICA, Social Security, Medical, Unemployment Insurance or other appropriate payments;

11.  That Plaintiff and Plaintiff Class Members be awarded attorneys' fees and costs pursuant to statute, including but not limited to Labor Code section 1194 and Code of Civil Procedure section 1021.5;

12.  Otherwise determine the appropriate remedy to compensate Plaintiff and each Plaintiff Class Member as required to promote fairness and justice, including but not limited to establishing procedures for compensation, determining compensation amounts, and fluid recovery if appropriate;

13.  Pre-judgment interest; and

14.  Any other relief this Court deems proper.


                                                CADENA CHURCHILL, LLP


DATED: 8/7/09                                   By: _____
                                                Raul Cadena, Esq.
                                                Attorneys for Plaintiffs


-24-
Plaintiff's Second Amended Complaint

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11  SABRINA LAGUNA, an individual; and
    ROES 1-50 on behalf of themselves and in a
12  representative capacity for all others similarly
    situated,

13                  Plaintiff,

14       v.

15

16  COVERALL NORTH AMERICA, INC., a
    Delaware Corporation; ALLIED CAPITAL
17  CORPORATION, a Maryland Corporation;
    and DOES 1 through 50, inclusive,

18                  Defendants.

19

**DECLARATION OF RALPH G.
BLASEY, III., IN SUPPORT OF
ALLIED CAPITAL
CORPORATION'S NOTICE OF
REMOVAL OF ACTION UNDER 28
U.S.C. §§ 1332, 1441, AND 1453**

20

21

22

23

24

25

26

27

28

1    I, Ralph G. Blasey, III., hereby declare as follows:

2        1.     I am the Executive Vice President – Private Finance General Counsel at Allied

3    Capital Corporation ("Allied Capital").   The matters set forth herein are based on my own

4    personal knowledge and, if called as a witness, I could and would competently testify thereto.

5        2.     Allied Capital is a corporation organized under Maryland law.   Allied Capital's

6    headquarters and principal place of business is located in Washington D.C.  A majority of Allied

7    Capital's employees work in the Washington D.C. office and the remainder work out of our New

8    York city office.  Allied Capital does not maintain any offices in California.

9        I declare under penalty of perjury under the laws of the United States that the foregoing is

10   true and correct.  Executed this 24ᵗʰ day of September, 2009 at Washington D.C.

11

12   Ralph G. Blasey, III.

13

14

...

DECLARATION OF R. BLASEY
IN SUPPORT OF REMOVAL

2.

Exhibit _2_, pg. _33_

RECYCLED

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SABRINA LAGUNA, an individual; and
ROES 1-50 on behalf of themselves and in a
representative capacity for all others similarly
situated,

        Plaintiff,

    v.

COVERALL NORTH AMERICA, INC., a
Delaware Corporation; ALLIED CAPITAL
CORPORATION, a Maryland Corporation;
and DOES 1 through 50, inclusive,

        Defendants.

**DECLARATION OF SHELLEY
MERONCHUK IN SUPPORT OF
NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. §§ 1332, 1441, AND
1453**

1.

Exhibit 3, pg. 34

I, Shelley Meronchuk, hereby declare as follows:

1.    I am the Compliance Director at Coverall North America, Inc. ("Coverall"). The matters set forth herein are based on my own personal knowledge and, if called as a witness, I could and would competently testify thereto.

2.    The Second Amended Complaint ("SAC") defines the class as "all individuals in the State of California who have executed a 'Janitorial Franchise Agreement' with Defendants and performed services under said agreement during the statutory time period ('Class Members')." (SAC, ¶ 54).

3.    In 2005, Coverall entered into 127 Franchise Agreements in California for a total amount of franchise fees of $1,628,014.

4.    In 2006, Coverall entered into 137 Franchise Agreements in California for a total amount of franchise fees of $1,824,082.

5.    In 2007, Coverall entered into 113 Franchise Agreements in California for a total amount of franchise fees of $1,317,168.

6.    In 2008, Coverall entered into 80 Franchise Agreements in California for a total amount of franchise fees of $1,022,494.

7.    In 2009, year to date, Coverall has entered into 47 Franchise Agreements in California for a total amount of franchise fees of $545,000.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 24th day of September, 2009 at Boca Raton, Florida.

_Shelley Meronchuk_

Shelley Meronchuk

2.                           DECLARATION OF SHELLEY MERONCHUK

Exhibit  3  pg. 35

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| SABRINA LAGUNA, an individual; and ROES 1-50 on behalf of themselves and in a representative capacity for all others similarly situated. | COVERALL NORTH AMERICA, INC., a Delaware Corporation; ALLIED CAPITAL CORPORATION, a Maryland Corporation; and DOES 1 through 50, inclusive |

**(b)** County of Residence of First Listed Plaintiff <u>On information and belief,</u>
<u>San Diego County</u>
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant <u>San Diego County</u>
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
L. Tracee Lorens, Wayne Allan Hughes
LORENS & ASSOCIATES, APLC
701 B Street, Ste. 1400, San Diego, CA 92101 (619) 239-1233

Raul Cadena, Colin Morris
CADENA CHURCHILL, LLP
701 B Street, Ste 1400, San Diego, CA 92101 (619) 546-0888

Attorneys (If Known)
Michelle C. Doolin, Esq.
Mazda K. Antia, Esq.
Ben Chapman, Esq.
COOLEY GODWARD KRONISH LLP
4401 Eastgate Mall, San Diego, CA 92121; (858) 550-6000

**'09 CV 2131 JM    RBB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[X] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury | **PERSONAL INJURY**<br>[ ] 362 Personal Injury — Med. Malpractice<br>[ ] 365 Personal Injury — Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 610 Agriculture<br>[ ] 620 Other Food & Drug<br>[ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 630 Liquor Laws<br>[ ] 640 R.R. & Truck<br>[ ] 650 Airline Regs.<br>[ ] 660 Occupational Safety/Health<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 840 Trademark | [ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit<br>[ ] 490 Cable/Sat TV<br>[ ] 810 Selective Service<br>[ ] 850 Securities/Commodities/Exchange<br>[ ] 875 Customer Challenge 12 USC 3410<br>[ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts<br>[ ] 892 Economic Stabilization Act<br>[ ] 893 Environmental Matters<br>[ ] 894 Energy Allocation Act<br>[ ] 895 Freedom of Information Act<br>[ ] 900 Appeal of Fee Determination Under Equal Access to Justice<br>[ ] 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>[ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | **CIVIL RIGHTS**<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 444 Welfare<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 440 Other Civil Rights | **PRISONER PETITIONS**<br>[ ] 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition | **LABOR**<br>[ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Mgmt. Relations<br>[ ] 730 Labor/Mgmt.Reporting & Disclosure Act<br>[ ] 740 Railway Labor Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Empl. Ret. Inc. Security Act<br>**IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 463 Habeas Corpus – Alien Detainee<br>[ ] 465 Other Immigration Actions | **SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1332, 1441, and 1453
Brief description of cause:
Class action with numerous causes of action asserted.

## VII. REQUESTED IN COMPLAINT:

[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

American LegalNet, Inc.
www.FormsWorkflow.com

| VIII.  RELATED CASE(S) | (See instructions): | | | |
|---|---|---|---|---|
| IF ANY | | JUDGE _____ | | DOCKET NUMBER _____ |

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 09/29/09 | Attorneys for Defendant Allied Capital Corp.    *By F. Chy* |

FOR OFFICE USE ONLY

RECEIPT # _5721_      AMOUNT _$350.00_ APPLYING IFP _____      JUDGE _____      MAG. JUDGE _____

*MS    9/29/09*

American LegalNet, Inc.
www.FormsWorkflow.com

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS005721
Cashier ID: msweaney
Transaction Date: 09/29/2009
Payer Name: AMERICAN MESSENGER SERVICE
-------------------------------------
CIVIL FILING FEE
 For: LAGUNA V COVERALL N AMERICA
 Case/Party: D-CAS-3-09-CV-002131-001
 Amount:        $350.00
-------------------------------------
CHECK
 Check/Money Order Num: 2992
 Amt Tendered:  $350.00
-------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00



There will be a fee of $45.00
charged for any returned check.
```