# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABRINA LAGUNA,<br><br>                              Plaintiff,<br>vs.<br>COVERALL NORTH AMERICA, INC.;<br>ALLIED CAPITAL CORPORATION,<br><br>                              Defendants. | CASE NO. 09cv2131 JM(RBB)<br><br>ORDER DENYING MOTION TO DISMISS |

Defendant Allied Capital Corporation ("Allied") moves to dismiss the complaint for failure to adequately allege a claim for alter ego liability. Plaintiff Sabrina Laguna opposes the motion. Defendant Coverall North America, Inc. ("Coverall") has yet to appear in this action. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for resolution without oral argument. For the reasons set forth below, the motion to dismiss is denied.

## BACKGROUND

On September 29, 2009 Allied removed this action from the Superior Court of California, County of San Diego alleging subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d). The Notice of Removal represents that the action proceeded in state court for about one year in state court before Allied was named as a party in the Second Amended Complaint ("SAC") under

1   an alter ego theory of liability.

2         Plaintiff brings this action on behalf of herself and in a representative capacity
3   on behalf of a class defined as "all individuals in the State of California who have
4   executed a 'Janitorial Franchise Agreement' with Defendants and performed services
5   under said agreement during the statutory time period." (SAC ¶54).  Plaintiff broadly
6   alleges that Coverall sold plaintiffs cleaning franchises, knowing that plaintiffs "lack
7   sufficient business to satisfy their obligations under the franchise agreements." (SAC
8   ¶1).  The class members allegedly purchased the franchise for substantial sums
9   (Plaintiff paid an initial fee of $29,624) based upon Coverall's "misrepresentations
10  about the guaranteed amount of monthly income the franchises will provide."  Id.
11  Plaintiff's central allegation is that class members were wrongfully classified as
12  independent contractors in order to avoid paying the "minimum wage, overtime
13  compensation, rest and meal periods, other wage protections, and eligibility for
14  unemployment and workers' compensation." Id.

15        Plaintiff seeks to establish an alter ego theory to hold Allied liable for Coverall's
16  alleged wrongful conduct.  Plaintiff alleges that Allied is the sole shareholder in
17  Coverall and Coverall Cleaning Concepts, LLC; regularly removed cash and other
18  assets from Coverall to minimize the ability of creditors to attach funds; did not respect
19  normal corporate formalities (failed to keep corporate minutes and/or backdated such
20  minutes); failed to contribute capital, issue stock, or otherwise complete the formation
21  of these entities; and failed to provide adequate capital and operating funds. (SAC ¶¶9-
22  15).  In further support of the alter ego claim, Plaintiff alleges that she learned through
23  the deposition testimony of two Coverall executive officers that these officers prepared
24  data and reports regarding Coverall's workers and provided those reports directly to
25  Allied. (SAC ¶52).

26        Based upon the above generally described conduct, Plaintiff alleges ten state law
27  claims for breach of contract; misleading advertising in violation of Bus. & Prof.
28  §17200; failure to pay minimum wage in violation of Labor Code §§1194, 1194.2,

1197; failure to provide rest periods or compensation in violation of Labor Code §226.7; failure to provide meal periods or compensation in violation of Labor Code §226.7; conversion; unfair business practices in violation of Bus. & Prof. §17200; theft of labor in violation of Labor Code §§216, 553, 1199; and injunctive relief.

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, __550 U.S. __, 127 S.Ct. 1955 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in

1 the complaint, as well as reasonable inferences to be drawn from them. <u>Holden v.</u>
2 <u>Hagopian</u>, 978 F.2d 1115, 1118 (9th Cir. 1992).  However, conclusory allegations of
3 law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion.  <u>In</u>
4 <u>Re Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir. 1996).

**Alter Ego**

Allied challenges the adequacy of the alter ego allegations.  The legal standards for application of alter ego are well-established:

> The two principal questions to establish alter ego are whether there is 'such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist' and whether there would be 'an inequitable result if the acts in question are treated as those of the corporation alone.' [Citation.] The courts consider numerous factors, including inadequate capitalization, commingling of funds and other assets of the two entities, the holding out by one entity that it is liable for the debts of the other, identical equitable ownership in the two entities, use of the same offices and employees, use of one as a mere conduit for the affairs of the other, disregard of corporate formalities, lack of segregation of corporate records, and identical directors and officers. [Citation.] No single factor is determinative, and instead a court must examine all the circumstances to determine whether to apply the doctrine. [Citation.] Moreover, even if the unity of interest and ownership element is shown, alter ego will not be applied absent evidence that an injustice would result from the recognition of separate corporate identities, and '[d]ifficulty in enforcing a judgment or collecting a debt does not satisfy this standard.'

<u>VirtualMagic Asia, Inc. v. Fil-Cartoons, Inc.</u> 99 Cal.App.4th  228, 244 (2002).

Allied contends that the SAC's alter ego allegations are too conclusory under <u>Twombly</u> and <u>Iqbal</u> to state a claim.  These recent Supreme Court authorities clarified that "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" survive a motion to dismiss.  <u>Twombly</u>, 550 U.S. at 515-16.  However, a complaint is sufficient if it gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests."  <u>Id.</u>

Here, the court concludes that the complaint, at this early stage in the proceeding, adequately apprises Allied of the nature of the claim and the grounds for Plaintiff's claim.  The issue of alter ego involves an assessment of numerous factor with no single determinative factor.  <u>See</u> <u>Virtual Magic</u>, 99 Cal.App.4th at 244.  The SAC alleges that

Allied is the sole shareholder in Coverall and Coverall Cleaning Concepts, LLC; regularly removed cash and other assets from Coverall to minimize the ability of creditors to attach funds; did not respect normal corporate formalities (failed to keep corporate minutes and/or backdated such minutes); failed to contribute capital, issue stock, or otherwise complete the formation of these entities; and failed to provide adequate capital and operating funds. (SAC ¶¶9-15). In further support of the alter ego claim, Plaintiff alleges that she learned through the deposition testimony of two Coverall executive officers that these officers prepared data and reports regarding Coverall's workers and provided those reports directly to Allied. (SAC ¶52).[1]

The court concludes that these allegations raise the right to relief beyond a mere speculative level. <u>Twombly</u>, 550 U.S. at 515. The allegations sufficiently identify the contours of an alter ego claim such that Allied is able to prepare a response to the SAC and to conduct discovery. The court notes that discovery will assist the parties in developing their respective arguments. The fundamental inquiry to establish a viable alter ego claim requires the parties to delve into the unity of interests shared by Allied and Coverall - - knowledge uniquely within the possession of the corporate entities, and not Plaintiff.

In sum, the motion to dismiss is denied.

**IT IS SO ORDERED.**

DATED: December 18, 2009

                                          Hon. Jeffrey T. Miller
                                          United States District Judge

cc:        All parties

---

[1] In assessing the adequacy of the allegations arising from the deposition testimony of Coverall management (SAC ¶52), Allied requests that the court consider the entire deposition testimony. The court presently declines to expand the scope of review to consider evidentiary matters better raised in the context of a Rule 56 motion.