1   L. TRACEE LORENS (SBN 150138)
    WAYNE ALAN HUGHES (SBN 48038)
2   **LORENS & ASSOCIATES, APLC**
    701 "B" Street, Suite 1400
3   San Diego, CA 92101
    Telephone: 619.239.1233
4   Facsimile: 619.239.1178

5   RAUL CADENA (SBN 185787)
    NICOLE R. ROYSDON (SBN 262237)
6   **CADENA CHURCHILL, LLP**
    701 "B" Street, Suite 1400
7   San Diego, CA 92101
    Telephone: 619.546.0888
8   Facsimile: 619.923.3208

9   Attorneys for Plaintiffs and all others similarly situated

10

11                    **UNITED STATES DISTRICT COURT**

12                   **SOUTHERN DISTRICT OF CALIFORNIA**

13  SABRINA LAGUNA, an individual; CARLOS )   Case No.: 09-cv-02131-JM-BGS
    ACEVEDO, an individual; TERESA SALAS, an)
14  individual' and ROES 3-50 on behalf of themselves )   **PLAINTIFFS' THIRD AMENDED**
    and in a representative capacity for all others)   **CLASS AND REPRESENTATIVE**
15  similarly situated                         )   **ACTION COMPLAINT FOR**
                                               )   **DAMAGES AND INJUNCTIVE**
16              Plaintiffs,                     )   **RELIEF FOR:**
                                               )
17                                             )   **1. BREACH OF CONTRACT;**
    v.                                         )   **2.    MISLEADING    ADVERTISING**
18                                             )   **(Bus. & Prof. Code § 17500 et seq.);**
                                               )   **3.   FAILURE TO PAY MINIMUM**
19  COVERALL   NORTH   AMERICA,   INC.,   a)   **WAGE (Labor Code §§ 1194, 1194.2,**
    Delaware   Corporation;   ALLIED   CAPITAL)   **1197);**
20  CORPORATION, a Maryland Corporation; ARES)   **4.   FAILURE TO PAY OVERTIME**
    CAPITAL   CORPORATION,   a   Maryland)   **COMPENSATION (Labor Code §§ 510,**
21  Corporation; CNA HOLDING CORPORATION, a)   **1194 et seq.);**
    Delaware   Corporation;   TED   ELLIOTT,   an)   **5.   FAILURE TO PROVIDE REST**
22  individual; and DOES 5 through 50 inclusive )   **PERIODS OR COMPENSATION IN**
                                               )   **LIEU THEREOF (Labor Code § 226.7;**
23              Defendants.                     )   **IWC Wage Orders);**
                                               )   **6.   FAILURE TO PROVIDE MEAL**
24                                             )   **PERIODS OR COMPENSATION IN**
                                               )   **LIEU THEREOF (Labor Code §§ 226.7,**
25                                             )   **512; IWC Wage Orders);**
                                               )   **7. FAILURE TO REIMBURSE FOR**
26                                             )   **REASONABLE BUSINESS EXPENSES**
                                               )   **(Labor Code § 2802);**
27                                             )   **8. UNLAWFUL DEDUCTIONS FROM**
                                               )   **WAGES (Labor Code §§ 221, 223);**
28                                             )   **9. CONVERSION;**
                                               )   **10. UNFAIR BUSINESS PRACTICES**

)   **(Bus. & Prof. Code § 17200 *et seq.*);**
)   **11.  THEFT OF LABOR (Labor Code**
)   **§§ 216, 553 & 1199; Penal Code §§ 484**
)   **& 532); and**
)   **12.  INJUNCTIVE RELIEF**
)
)   **DEMAND FOR JURY TRIAL**

## I.

## INTRODUCTION

1.      Plaintiffs Sabrina Laguna, Carlos Acevedo, and Teresa Salas bring this action pursuant to California Code of Civil Procedure Section 382, against Defendants COVERALL NORTH AMERICA, INC., ALLIED CAPITAL CORPORATION, ARES CAPITAL CORPORATION, CNA HOLDING CORPORATION, and TED ELLIOTT (hereinafter collectively "Defendants").  This class action is brought on behalf of workers who have performed cleaning services for Defendants from August 8, 2004, through the present.  The above-named Plaintiffs and other similarly situated individuals have been subjected to systematic misrepresentations and breaches of contract in their relations with Defendants as described herein. Defendants purport to sell cleaning "franchises," knowing that they lack sufficient business to satisfy their obligations under their franchise agreements.  Individuals purchase these "franchises" for substantial sums of money, based on Defendants' misrepresentations about the guaranteed amount of monthly income the franchises will provide.   These individuals are largely unsophisticated janitorial workers with a limited grasp of English.  Moreover, they are not "franchisees" but in fact employees of Defendants, improperly misclassified as independent contractors.  Defendants have intentionally misclassified these workers for the purpose of denying them the various benefits to which they are entitled as employees, including minimum wage, overtime compensation, rest and meal periods, other wage protections, and eligibility for unemployment and workers' compensation.  The above-named Plaintiffs seek to recover, on their own behalf and on behalf of all similarly situated individuals, compensation for these violations, statutory trebling of wage-related damages, declaratory and injunctive relief and attorneys' fees and costs, as provided by law.

/ / /

## II.

### THE PARTIES

2.      Plaintiffs Sabrina Laguna, Carlos Acevedo, and Teresa Salas (hereinafter referred to as "Plaintiffs") are individuals residing in California.  They each executed a contract with Coverall entitled "Janitorial Franchise Agreement" and paid an initial fee.  Plaintiffs have performed cleaning services for various clients of Defendants in California within four (4) years prior to the filing of this Complaint.  During the time they have performed services for Defendants' clients, Plaintiffs have worked in excess of eight hours per day and forty hours per week, and without taking rest or meal breaks.  However, Plaintiffs were compensated below the rate of minimum wage for the State of California and received no premium pay for unprovided rest and meal breaks.  Plaintiffs were compensated a flat rate which fell below the guaranteed gross dollar income provided for in Plaintiffs' agreements with Defendants.  Furthermore, Defendants unlawfully deducted amounts from Plaintiffs' pay checks for royalty and management fees and refused to reimburse Plaintiffs for their reasonable business expenses.

3.      Plaintiffs bring this action for themselves and in a representative capacity pursuant to Business and Professions Code §§ 17000-17200 *et seq.*, and as a class action on behalf of themselves and all others similarly situated.

4.      On information and belief, Plaintiffs allege that Defendant COVERALL CLEANING CONCEPTS, LLC is a limited liability corporation qualified to do business in the State of California and actually doing business in the State of California and County of San Diego.

5.      On information and belief, Plaintiffs allege that Defendant COVERALL NORTH AMERICA, INC. is a corporation qualified to do business in the State of California and actually doing business in the State of California and County of San Diego.

6.      On information and belief, Plaintiffs allege that Defendant ALLIED CAPITAL CORPORATION aka ALLIED CAPITAL is a Maryland Corporation doing business in the State of California and County of San Diego; are, and at all times relevant hereto were, the owners, operators, shareholders, officers, directors, executives, members, partners, and/or the controlling influences over COVERALL CLEANING CONCEPTS, LLC and COVERALL NORTH

**Plaintiffs' Third Amended Complaint**

1   AMERICA, INC.

2       7.      On information and belief, Plaintiffs allege that Defendant ARES CAPITAL

3   CORPORATION aka ARES CAPITAL is a Maryland Corporation doing business in the State of

4   California and County of San Diego; are, and at all times relevant hereto were, the owners,

5   operators, shareholders, officers, directors, executives, members, partners, and/or the controlling

6   influences over COVERALL CLEANING CONCEPTS, LLC and COVERALL NORTH

7   AMERICA, INC. due to ALLIED CAPITAL CORPORATION'S merger with and into ARES

8   CAPITAL CORPORATION on April 1, 2010, with ARES CAPITAL CORPORATION being the

9   surviving corporation.

10      8.      On information and belief, Plaintiffs allege that Defendant CNA HOLDING

11  CORPORATION is a Delaware Corporation doing business in the State of California and County

12  of San Diego; are, and at all times relevant hereto were, the owners, operators, shareholders,

13  officers, directors, executives, members, partners, and/or the controlling influences over

14  COVERALL CLEANING CONCEPTS, LLC and COVERALL NORTH AMERICA, INC.

15      9.      On information and belief, Plaintiff alleges that Defendant TED ELLIOTT is an

16  individual and is, and at all times relevant hereto, was the owner, operator, shareholder, officer,

17  director, executive, member, partner, and/or the controlling influence over COVERALL

18  CLEANING CONCEPTS, LLC and COVERALL NORTH AMERICA, INC.

19      10.     Plaintiffs are informed and believe, and thereon allege that, during the liability

20  period, Defendants employed Plaintiffs and other similarly-situated persons as janitorial workers

21  throughout California.  Plaintiffs are further informed and believe that Defendants directly and

22  indirectly exercised control over the wages, hours, and work of said employees, including

23  Plaintiffs.

24      11.     Plaintiffs are unaware of the true names and legal capacities of the DOE

25  DEFENDANTS, and therefore sue those Defendants by these fictitious names.  Plaintiffs will seek

26  leave of the Court to amend this Complaint to allege their true names and capacities when

27  ascertained.  Plaintiffs are informed and believe, and thereon allege that each DOE Defendant is

28  in some way responsible for the acts, omissions and damages alleged in this Complaint.

12.     Plaintiffs are informed and believe, and thereon allege, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, carried out a joint scheme, business plan, or policy in all respects pertinent thereto, and the acts of each Defendant are legally attributable to the other Defendants.

13.     Plaintiffs are unaware of the true names of ROES 3 through 50, and therefore add them as Plaintiffs by these fictitious names.  Plaintiffs will amend the Complaint to add their true names when ascertained.

14.     At all times mentioned herein, each and every Defendant and entity named herein was the agent, principal, employer, employee, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, and/or successor in interest and predecessor of each and every other Defendant.  In doing the things alleged herein, each and every Defendant was acting within the course and scope of these relationships, and was acting with the consent, permission, authorization and acquiescence of each of the remaining Defendants.  All actions of each Defendant alleged herein were ratified and approved by the other Defendants and/or their officers or managing agents.

15.     Each of the above-described Defendants was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct.

16.     On information and belief, Plaintiffs allege that COVERALL CLEANING CONCEPTS, LLC and COVERALL NORTH AMERICA, INC. were organized and operated by ALLIED CAPITAL CORPORATION and/or ARES CAPITAL CORPORATION and/or CNA HOLDING CORPORATION and/or TED ELLIOTT and/or the DOE Defendants for the purpose of shielding the assets of Defendants from liabilities and that Defendants and/or the DOE Defendants regularly removed cash and other assets from COVERALL CLEANING CONCEPTS, LLC and COVERALL NORTH AMERICA, INC. for the purpose of minimizing the assets of COVERALL CLEANING CONCEPTS, LLC and COVERALL NORTH AMERICA, INC. which could be executed or levied upon satisfaction of debts or judgments against Defendants.

///

17.     On information and belief, Plaintiffs allege that at all relevant times alleged herein, COVERALL CLEANING CONCEPTS, LLC and COVERALL NORTH AMERICA, INC. are and were a shell or conduit for the affairs of Defendants, and were the alter ego/(s) of Defendants and/or the DOE Defendants.  The corporate existence, if any, of COVERALL CLEANING CONCEPTS, LLC and COVERALL NORTH AMERICA, INC. should therefore be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiffs herein and the Proposed Class.

18.     On information and belief, Plaintiffs allege that Defendants were the only shareholders of both COVERALL CLEANING CONCEPTS, LLC as well as COVERALL NORTH AMERICA, INC.  Plaintiffs further allege on information and belief that Defendants have not respected normal corporate formalities and have not maintained COVERALL CLEANING CONCEPTS, LLC and COVERALL NORTH AMERICA, INC. as separate entities with separate identities.  Further, based upon information and belief, Plaintiffs allege that Defendants have failed to contribute capital, issue stock, or otherwise complete the formation of these entities, and have failed to adequately capitalize Defendants COVERALL CLEANING CONCEPTS, LLC and COVERALL NORTH AMERICA, INC.

19.     On information and belief, Plaintiffs allege that Defendants have used the corporate assets of COVERALL CLEANING CONCEPTS, LLC to operate COVERALL NORTH AMERICA, INC. and at other times has utilized the corporate assets of COVERALL NORTH AMERICA, INC. to operate and capitalize COVERALL CLEANING CONCEPTS, LLC.

20.     On information and belief, Plaintiffs allege that Defendants COVERALL CLEANING CONCEPTS, LLC and COVERALL NORTH AMERICA, INC. have failed to adhere to required corporate formalities, including but not limited to, keeping corporate minutes, and on information and belief, further allege that if corporate minutes exist, they were created in the recent past and not contemporaneously with any board meetings, assuming any such meetings occurred. Further, on information and belief, Plaintiffs allege that Defendants have disregarded COVERALL CLEANING CONCEPTS, LLC and COVERALL NORTH AMERICA, INC.'s corporate entities "separateness" and have merely used the corporate shield to profit personally and to protect

**Plaintiffs' Third Amended Complaint**

1  themselves from any COVERALL CLEANING CONCEPTS, LLC and/or COVERALL NORTH

2  AMERICA, INC. liability.

3                                      **III.**

4                          **JURISDICTION AND VENUE**

5       21.     This Court has jurisdiction over all causes of action asserted herein pursuant to the

6  California Constitution, Article VI, § 10, because this case is a cause not given by statute to other

7  trial courts.   The monetary damages sought by Plaintiffs total in excess of this Court's

8  jurisdictional minimum.  Defendants are subject to personal jurisdiction in this State.

9       22.     Venue is proper in this Court because the actions at issue occurred in San Diego

10 County.

11                                      **IV.**

12                                   **FACTS**

13      23.     Defendants employ thousands of cleaning workers across the State of California to

14 perform cleaning work for customers who hold pre-existing cleaning services accounts with

15 Defendants.  These cleaning workers include Plaintiffs.

16      24.     Defendants require their cleaning workers to sign "franchise agreements" in order

17 to obtain work, and label their cleaning workers as "franchisees."

18      25.     In order to induce workers to sign these franchise agreements Defendants apply

19 high pressure sales tactics, then negligently and/or intentionally misrepresent that they have

20 sufficient business to provide the monthly income promised the workers in their agreements.

21      26.     Thus, Defendants know they do not have sufficient business to satisfy the terms of

22 the franchise agreements when they advertise franchises, solicit franchisees, and enter into

23 franchise contracts.  Defendants knowingly and willfully solicit and enter into agreements which

24 they know they cannot perform.

25      27.     Defendants also misrepresent that workers will receive a higher hourly rate of pay

26 for their work than Defendants know they will be able to earn.

27      28.     Defendants' franchise agreement is a form contract of adhesion establishing the

28 terms and conditions of employment of Coverall cleaning workers.

29.     None of the Defendants' cleaning workers is able to negotiate for different terms and conditions from those appearing in the form franchise agreement.

30.     The form franchise agreement is written exclusively in English, in highly technical and confusing language, with misleading section headings and provisions regarding waivers of important rights buried within the agreement.

31.     The form franchise agreement is not available in other languages, although many of the workers who sign these form franchise agreements have little to no fluency in English.

32.     Consequently, as Defendants know, the workers do not understand the terms of the agreement, whether or not they speak English.

33.     Defendants target immigrants in particular because they are easily victimized by Defendants' misrepresentations and other systematic legal violations, as described herein.

34.     In exchange for these large franchise fees, Defendants guarantee a certain level of monthly income beginning after the workers have made down payments to purchase their "franchise" and completed their training period.

35.     However, Defendants systematically breach their written agreements by not providing or offering sufficient or adequate work as promised to produce the guaranteed level of income.  Rarely if ever do the workers receive the promised level of monthly income.

36.     Through a variety of means involving misrepresentation, Defendants purport to satisfy their obligations under the form franchise agreements when they have come nowhere near satisfying those obligations.  Through these means, Defendants attempt to make it appear that it is the workers' fault, rather than Defendants', that they do not have sufficient accounts to satisfy their monthly income guarantee.

37.     Defendants typically contend that they have fulfilled their obligations under the franchise contract by offering accounts, knowing that the accounts offered could not be accepted due to sheer impossibility of performing the number of hours of work required to service the accounts, or rates of pay well below what was promised.

38.     Defendants also frequently violated the form franchise agreements by taking accounts away without warning and for no justifiable reason.  Also in violation of the agreement,

Defendants give no opportunity to correct or challenge alleged deficiencies in workers' performance.

39.     When doing so, Defendants frequently tell the workers performing the cleaning services that the customers were dissatisfied with their work, when in fact the customers were satisfied with their work.

40.     After taking an account away from a worker, Defendants then can offer the account to another worker who has signed a franchise agreement to count toward that person's monthly guarantee.  In this way, Defendants churn the accounts they have in order to make it appear that they have satisfied their franchise agreements.

41.     When Defendants fail to satisfy the terms of the workers' franchise agreements by not offering sufficient accounts (that are free from misrepresentations) or by taking away accounts without justification or warning, they do not refund the franchise fees that the workers have already paid.

42.     In addition, Defendants deduct excessive fees from the payments they make to the workers under the franchise agreements.  These fees include but are not limited to a licensing fee for using Defendants' trademarks, sales and marketing fees, premium account fees, royalties and management fees.

43.     Defendants significantly underbid cleaning contracts with their clients.  As a result of this underbidding and the deduction of excessive fees from their pay, the workers who have contracted with Defendants receive far less pay for their work than the fair value of their services and far less pay than they were promised on an hourly and monthly basis.

44.     Defendants require the cleaning workers to purchase cleaning supplies and equipment, among other things, but Defendants refuse to reimburse the cleaning workers for these expenditures.

45.     Defendants require Plaintiffs and the class members to use their personal vehicles as transportation between client accounts.  However, Defendants refuse to reimburse the cleaning workers for their gasoline and for wear and tear of their vehicles.

/ / /

46.     Defendants purport to classify their cleaning workers as independent contractors. However, these workers are in fact employees as they do not meet the definition of independent contractors as set forth in California Labor Code section 2750.5.

47.     The behavioral and financial control manifested over these workers by Defendants demonstrates that the workers are employees rather than independent contractors.

48.     The cleaning workers perform services within Defendants' usual course of business, which is to provide cleaning services to customers.

49.     Also, Defendants instruct the cleaning workers in how to do their work and dictate their performance of the details of their jobs.

50.     The cleaning workers generally do not work in an independently established trade, occupation, profession, or business.  Instead, as required by their contracts, the cleaning workers perform cleaning services exclusively for Defendants' clients.

51.     Also, the cleaning workers do not represent themselves to the public as being in an independent business to provide cleaning services, and they typically have not invested in an independent business apart from their payment of "franchise" fees to Defendants.

52.     Because of their misclassification by Defendants as independent contractors, these cleaning workers have not received the benefits that inure from the employment relationship under law.

53.     For example, Defendants' cleaning workers frequently do not receive the minimum wage for the work they perform.

54.     Although many of them, including Laguna, Acevedo, and Salas work more than 40 hours per week, they do not receive one and one-half times their regular rate for hours worked in excess of 40 hours per week.

55.     These cleaning workers also typically work for 8 hours or longer without taking a rest or meal break.  They receive no additional compensation for completing a job without breaks.

56.     These cleaning workers do not receive pay for their time spent traveling between different accounts during the work day.

/ / /

**Plaintiffs' Third Amended Complaint**

57.    Also, because of the misclassification, Defendants' cleaning workers are not covered by workers' compensation when they are injured on the job.

58.    Plaintiffs now have an understanding from the deposition testimony of Defendants' executive officers, Dominique March and Laura Lynn Bach, that they report directly to ALLIED CAPITAL CORPORATION and in fact prepare data and reports regarding Coverall's cleaning workers for ALLIED CAPITAL CORPORATION because they were required to do so by ALLIED CAPITAL CORPORATION.  These facts, coupled with the questions the two witnesses would not answer and the discovery requests Defendants refused to answer, along with the clear evidence that Coverall is not adequately capitalized, provides the basis for Plaintiffs' alter ego allegations.

59.    Plaintiffs now have an understanding from the sworn testimony provided by Coverall's former Chief Financial Officer, Steven R. Cumbow that TED ELLIOTT, who is the Chief Executive Officer of COVERALL NORTH AMERICA, INC. and the sole director of CNA HOLDING CORPORATION, was intimately involved in the day-to-day decisions at Coverall, which included the decision leading to the misclassification of its employees as independent contractors and the decision to allow "churning," i.e., the sale of alleged "franchises" when there was insufficient business with which to provide the alleged "franchisees" as they were promised in the franchise agreements.

**V.**

**CLASS ACTION ALLEGATIONS**

60.    Plaintiffs, and the class members they seek to represent, include thousands of former and current cleaning workers who have executed "Janitorial Franchise Agreements" with Defendants.

61.    Plaintiffs bring this action against Defendants on their own behalf and on behalf of all other persons similarly situated, as a class action, under California Code of Civil Procedure section 382.  Plaintiffs seek to represent a class composed of and defined as follows:  all individuals in the State of California who have executed a "Janitorial Franchise Agreement" with Defendants and performed services under said agreement during the statutory time period ("Class

1   Members").

2   **A.   Numerosity**

3   62.   The Class is comprised of an unknown number of persons at this time, but the
4   joinder of all these individuals is impractical, and the disposition of their claims in a class action
5   will benefit both the parties and this Court.  The class is sufficiently numerous because several
6   hundred individuals throughout California have, during the class period, worked for Defendants
7   in the capacity described herein and executed contracts with Defendants under the terms described
8   herein.

9   **B.   Commonality**

10   63.   There is a well-defined community of interest in the questions of law and fact
11   involved affecting the parties to be represented.  The class is united in its interests with respect to
12   proof of Defendants' common course of conduct or corporate policies and practices and the alleged
13   effects of injuries caused by such policies and practices.  The questions of law and fact common
14   to the class predominate over questions which may affect individual class members, including the
15   following:

16   a.   Whether Defendants have engaged in a pattern and/or practice in California of
17        breaching their Janitorial Franchise Agreements with Plaintiffs and other similarly
18        situated cleaning workers;

19   b.   Whether Defendants have engaged in a pattern and/or practice in California of
20        negligently misrepresenting the quantity of their business and the amount of labor
21        required to service that business in order to induce Plaintiffs and other similarly
22        situated cleaning workers to enter into Janitorial Franchise Agreements and pay
23        substantial initial fees;

24   c.   Whether Plaintiffs and other similarly situated cleaning workers who have executed
25        Janitorial Franchise Agreements with Defendants are properly classified as
26        employees of Defendants, rather than independent contractors;

27   d.   Whether Defendants violated the Wage Orders by withholding overtime
28        compensation from class members;

e.      Whether Defendants violated California Labor Code sections 226.7 and 512, the applicable IWC Wage Orders, regulations and statutes by failing to provide daily ten minute rest periods to their cleaning workers for every four hours or major fraction thereof worked and failing to provide adequate compensation in lieu thereof;

f.      Whether Defendants violated California Labor Code sections 226.7 and 512, the applicable IWC Wage Orders, regulations and statutes by failing to provide minimum 30 minute meal periods to their cleaning workers on days they worked in excess of five hours and failing to provide adequate compensation in lieu thereof;

g.      Whether the class is entitled to waiting time penalties under Labor Code section 203 and/or underpayment penalties under Labor Code section 558;

h.      Whether Defendants have made improper deductions from the compensation paid to Plaintiffs and other similarly situated cleaning workers for their cleaning services.

i.      Whether Defendants committed unfair business practices under section 17200 *et seq.* of the Business & Professions Code;

j.      Whether Defendants wrongfully converted monies owed to Plaintiffs and other similarly situated cleaning workers; and

k.      Whether Plaintiffs and other similarly situated cleaning workers have been damaged, and, if so, the extent of such damages and/or the nature of equitable and injunctive relief, restitution, compensatory and punitive damages to which the class members are entitled.

**C.      <u>Typicality</u>**

64.      Plaintiffs are asserting claims that are typical of the claims of the various classes they seek to represent.  The cleaning workers who entered into Janitorial Franchise Agreements were  almost uniformly misled, overworked and under-compensated by Defendants due to their particular vulnerability.

### D.   **Adequacy of Representation**

65.    Plaintiffs will fairly and adequately represent and protect the interests of the class in that they have no interests antagonistic to those of the class.  Plaintiffs have retained counsel who are competent and experienced in class action litigation.  Plaintiffs' attorneys have successfully reached multi-million dollar settlements in numerous wage and hour class actions totaling in excess of $50 million and have been litigating wage and hour class actions since approximately 1999.

### E.   **Superiority of Class Action**

66.    Plaintiffs and the class members have suffered damages as a result of Defendants' wrongful conduct.  Absent a class action, Plaintiffs and the individual cleaning workers whom they seek to represent will not recover the unpaid compensation which is owed to them because the damages to each class member may be relatively small, and thus would be difficult to litigate individually.

67.    Class action treatment will allow these similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

68.    Notice of the pendency of this action can be given either by regular mail or by publication, the cost of which, under California law, can and should reasonably be imposed upon Defendants.

### **FIRST CAUSE OF ACTION**

#### **(Breach of Contract)**

69.    Plaintiffs repeat and incorporate by reference paragraphs 1 through 68, inclusive, as though fully set forth at length herein.

70.    The Class Period for this cause of action commences four (4) years prior to filing this complaint according to proof.

71.    Plaintiff Sabrina Laguna and Defendant Coverall North America, Inc., doing business as Coverall of San Diego,  entered into a Janitorial Franchise Agreement ("Agreement")

-14-

1    for an initial term of twenty (20) years under which Laguna agreed to pay an initial "franchise fee",

2    undergo specific training, and perform janitorial cleaning services for certain designated Coverall

3    clients.  In exchange, Laguna was granted the right to use the "Coverall" name and was assured

4    a certain quantity of monthly income for servicing the Defendants' clients.

5         72.   Laguna performed cleaning services for different clients of Coverall located

6    throughout San Diego County.  Laguna fulfilled all other terms and conditions under the

7    Agreement and paid all fees in connection therewith.

8         73.   Despite Laguna's fulfillment of the Agreement's terms, and despite Defendants'

9    guarantees, Defendants failed to provide Laguna with the guaranteed gross monthly volume,

10   thereby breaching the Agreement.

11        74.   Plaintiff Carlos Acevedo and Defendant Coverall North America, Inc., doing

12   business as Coverall of San Diego, entered into a Janitorial Franchise Agreement ("Agreement")

13   for an initial term of twenty (20) years under which Acevedo agreed to pay an initial "franchise

14   fee", undergo specific training, and perform janitorial cleaning services for certain designated

15   Coverall clients.  In exchange, Acevedo was granted the right to use the "Coverall" name and was

16   assured a certain quantity of monthly income for servicing the Defendants' clients.

17        75.   Acevedo performed cleaning services for different clients of Coverall located

18   throughout Orange County.  Acevedo fulfilled all other terms and conditions under the Agreement

19   and paid all fees in connection therewith.

20        76.   Despite Acevedo's fulfillment of the Agreement's terms, and despite Defendants'

21   guarantees, Defendants failed to provide Acevedo with the guaranteed gross monthly volume,

22   thereby breaching the Agreement.

23        77.   Plaintiff Teresa Salas and Defendant Coverall North America, Inc., doing business

24   as Coverall of San Diego, entered into a Janitorial Franchise Agreement ("Agreement") for an

25   initial term of twenty (20) years under which Salas agreed to pay an initial "franchise fee", undergo

26   specific training, and perform janitorial cleaning services for certain designated Coverall clients.

27   In exchange, Salas was granted the right to use the "Coverall" name and was assured a certain

28   quantity of monthly income for servicing the Defendants' clients.

**Plaintiffs' Third Amended Complaint**

78.     Salas performed cleaning services for different clients of Coverall located throughout Orange County. Salas fulfilled all other terms and conditions under the Agreement and paid all fees in connection therewith.

79.     Despite Salas' fulfillment of the Agreement's terms, and despite Defendants' guarantees, Defendants failed to provide Salas with the guaranteed gross monthly volume, thereby breaching the Agreement.

80.     As a direct and proximate result of Defendants' breach of the Agreement with Plaintiffs, Plaintiffs have been deprived of guaranteed income and have suffered additional damage in a sum according to proof at trial.

81.     Defendants have entered into similar agreements with each of the Plaintiff Class Members, all of whom have paid substantial initial franchise fees and been promised a monthly gross dollar income which Defendants have failed to deliver on.

82.     Defendants have breached their written agreements with the Plaintiff Class Members in similar fashion to the manner in which they breached their Agreement with Plaintiffs, in violation of the common law of California.

83.     As a direct and proximate result of Defendants' breaches of their agreements with the Plaintiff Class Members, each and every class member has suffered pecuniary and other damages in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

### (Misleading Advertising [Bus. & Prof. Code §§ 17500 *et seq.*])

84.     Plaintiffs repeat and incorporate by reference paragraphs 1 through 83, inclusive, as though fully set forth at length herein.

85.     Plaintiffs bring this cause of action on behalf of themselves and others similarly situated challenging Defendants' advertising practices. Business & Professions Code Section 17500 *et seq.* prohibits untrue or misleading advertising. The advertisements include, without limitation, representations to the effect that franchisees will receive a minimum monthly return for a reasonable amount of work and will have guaranteed business customers for at least six months. The advertisements further imply that Defendants are dedicated to assisting in franchisees'

individual success to the extent of training, collecting on customer accounts, assigning accounts which may be feasibly serviced, and promptly replacing a customer who has cancelled an account through no fault of the franchisee.  The advertisements were disseminated to and received by the public, including members of the Plaintiff class, in California.  A court may order injunctive relief and restitution to affected members of the general public as remedies for any violation of Business & Professions Code Section 17500 as part of the Unfair Competition Law ("UCL").

86.     By the actions set forth above, Defendants have engaged in advertising to the public and offering to the public the opportunity to enter into janitorial franchise agreements.

87.     Defendants engaged in the advertising described herein with the intent to induce the public to execute janitorial franchise agreements and pay initial franchise fees.

88.     Defendants' advertising was untrue or misleading and likely to deceive the public, in that while Defendants stated and implied that their franchisees would receive a minimum monthly return for a reasonable amount of work, in reality franchisees had no chance of seeing such a return unless they were to work an exorbitant number of hours, essentially reducing their hourly earnings to below minimum wage.  Moreover, Defendants failed to act in good faith to assign geographically proximate accounts which franchisees could feasibly service.  Defendants' advertising was also untrue or misleading in that Defendants were not dedicated to replacing cancelled accounts.  Instead Defendants would falsely claim that customers had cancelled their accounts due to poor cleaning service, thus relieving Defendants of their obligation to replace the account.

89.     In making and disseminating the statements alleged herein, Defendants knew, or by the exercise of reasonable care should have known, that the statements were and are untrue or misleading and so acted in violation of Business & Professions Code Section 17500.

90.     The business acts and practices of Defendants as described also constitute an unfair business practice in violation of the UCL in that such acts and practices are substantially injurious to consumers and offensive to established California public policy.

/ / /

/ / /

91.     In addition, the business acts and practices of Defendants constitute a fraudulent business practice in violation of the UCL in that such acts and practices are likely to deceive California laborers as to their legal rights and obligations with respect to the risks and likely rewards of entering into a janitorial franchise agreement with Defendants.

92.     As a direct and legal (proximate) result of Defendants' misleading advertising, Plaintiffs and all others similarly situated were damaged by suffering the loss of money paid in the form of initial franchise fees, and the loss of opportunity to pursue alternate business ventures.

93.     Pursuant to Business & Professions Code Section 17535, Plaintiffs seek to enjoin these acts and practices and to obtain restitution of all funds seized from Plaintiffs and the Class by reason of and through the use of such false advertising.  Pursuant to Business & Professions Code Section 17535, Plaintiffs, individually and on behalf of all members of the general public who are, have been, or may be subjected to these unlawful, unfair and fraudulent business acts and practices, hereby request preliminary and permanent injunctive relief prohibiting such practices in the future, and such other orders as may be necessary to restore to any person in interest, any money or property, real or personal, which may have been seized from Plaintiffs by means of such unlawful, unfair, and fraudulent business practices.

94.     In addition, pursuant to Code of Civil Procedure Section 1021.5, Plaintiffs and all others similarly situated are entitled to recover their reasonable attorneys' fees, costs and expenses incurred in bringing this action.

**THIRD CAUSE OF ACTION**

**(Failure to Pay Minimum Wage [Cal. Lab. Code §§ 1194, 1194.2, 1197])**

95.     Plaintiffs repeat and incorporate by reference paragraphs 1 through 94, inclusive, as though fully set forth at length herein.

96.     The Class Period for this cause of action commences four (4) years prior to filing this complaint according to proof.

97.     Labor Code section 1197 provides, "the minimum wage fixed by the commission is the minimum wage to be paid to employees, and payment of a less wage than the minimum so fixed is unlawful."

98.     Labor Code section 1194 *et seq.* provides in relevant part that any employee receiving less than the minimum wage applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage, including interest thereon, reasonable attorneys' fees, and costs of suit.

99.     Labor Code section 1194.2 provides in relevant part that:   "In any action under...Section 1194 to recover wages because of a payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in amount equal to the wages unlawfully unpaid and interest thereon."

100.     As alleged herein, Defendants required Plaintiffs and each Plaintiff Class Member to work as needed to perform the requested cleaning services for their clients.   Based on the number of hours necessary to fulfill these clients' needs, Plaintiffs and each Plaintiff Class Member frequently averaged less than minimum wage in compensation.   By their actions Defendants violated Labor Code section 1197 and are liable to Plaintiffs and the Class.

101.     As a result of the unlawful acts of Defendants, Plaintiffs and each Plaintiff Class Member have been deprived of compensation in amounts to be determined at trial, and are entitled to recover such amounts, including interest thereon, attorneys' fees, costs and any other damages as set forth under California law.

**FOURTH CAUSE OF ACTION**

**(Failure to Pay Overtime Compensation [Labor Code §§ 510, 1194 *et seq.*])**

102.     Plaintiffs repeat and incorporate by reference paragraphs 1 through 101, inclusive, as though fully set forth at length herein.

103.     At all relevant times herein, Plaintiffs and each Plaintiff Class Member were entitled to payment of wages, including overtime compensation, for all time worked.   Plaintiffs and each Plaintiff Class Member were entitled to wages equal to one and one-half times the minimum wage for all hours worked in excess of eight (8) hours in one day and forty (40) hours in one week. Plaintiffs and each Plaintiff Class Member routinely were required to perform tasks without receiving minimum wage and overtime compensation.

/ / /

104.     By their policy of requiring Plaintiffs and each Plaintiff Class Member to perform tasks without being compensated, and requiring each employee to work overtime without compensating such employee at the rate of one and one-half times the minimum wage, Defendants violated the provisions of Labor Code section 1194, IWC Wage Orders, regulations and statutes.

105.     As a direct and legal result of Defendants' violation of the Labor Code and applicable wage orders, Plaintiffs and each Plaintiff Class Member have been damaged in an amount to be proven at trial.

106.     Pursuant to Labor Code sections 1194 and 1199, Plaintiffs and each Plaintiff Class Member are entitled to, and request, unpaid overtime, interest, penalties and reasonable attorneys' fees and costs incurred in this action in an amount to proven at or following trial of this matter.

## FIFTH CAUSE OF ACTION

**(Failure to Provide Rest Periods or Compensation in Lieu Thereof [Labor Code § 226.7; IWC Wage Orders])**

107.     Plaintiffs repeat and incorporate by reference paragraphs 1 through 106, inclusive, as though fully set forth at length herein.

108.     By their failure to provide paid ten-minute rest periods for every four hours or major fraction thereof worked per day by Plaintiffs and each Plaintiff Class Member and failing to provide premium pay compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and applicable IWC Wage Orders, regulations and statutes.  By failing to keep adequate records required by Section 226 and 1174(d) of the Labor Code, Defendants have made it difficult to calculate the unpaid rest period compensation due to Plaintiffs and each Plaintiff Class Member.

109.     As a result of the unlawful acts of Defendants, Plaintiffs and each Plaintiff Class Member have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, under Labor Code sections 226, 226.7, 1194 and 1199, IWC Wage Orders, regulations and statutes.

/ / /

/ / /

**Plaintiffs' Third Amended Complaint**

**SIXTH CAUSE OF ACTION**

**(Failure to Provide Meal Periods or Compensation in Lieu Thereof [Labor Code §§ 226.7, 512; IWC Wage Orders])**

110.   Plaintiffs repeat and incorporate by reference paragraphs 1 through 109, inclusive, as though fully set forth at length herein.

111.   By their failure to provide minimum 30-minute rest periods for days on which their cleaning workers worked in excess of 5 hours, and failing to provide premium pay compensation in lieu thereof, and failing to provide a second meal period for days on which their cleaning workers worked in excess of 10 hours, and failing to provide compensation for such unprovided second meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 512 and applicable IWC Wage Orders, regulations and statutes.  By failing to keep adequate records required by Section 226 and 1174(d) of the Labor Code, Defendants have made it difficult to calculate the unpaid meal period compensation due to Plaintiffs and each Plaintiff Class Member.

112.   As a result of the unlawful acts of Defendants, Plaintiffs and each Plaintiff Class Member have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, under Labor Code sections 226, 226.7, 1194 and 1199, IWC Wage Orders, regulations and statutes.

**SEVENTH CAUSE OF ACTION**

**(Failure to Reimburse for Reasonable Business Expenses**

**[Labor Code § 2802; IWC Wage Orders])**

113.   Plaintiffs repeat and incorporate by reference paragraphs 1 through 112, inclusive, as though fully set forth at length herein.

114.   Labor Code section 2802(a) provides, in pertinent part: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

115. During the class period, Plaintiffs and the class members incurred necessary expenditures in direct consequence of the discharge of their employment duties and their obedience to the directions of Defendants, as follows:

(a) Plaintiffs and the class members were required by Defendants to use their personal vehicles as transportation between client accounts, but Defendants refused to reimburse them for their gasoline, for maintenance of their vehicles, for wear and tear of their vehicles, and for insurance;

(b) Defendants required Plaintiffs and the class members to pay for cleaning supplies and equipment. Defendants never reimbursed Plaintiffs and the class members for these expenditures;

(c) Defendants required Plaintiffs and the class members to purchase insurance to cover accidental injury to them arising during the course of their employment with Defendants, in violation of Labor Code section 3751(a).

116. Plaintiffs and the class members are entitled to recover their unreimbursed expenditures, interest, and attorneys' fees and costs, in amounts to be proven at the time of trial.

## EIGHTH CAUSE OF ACTION

**(Unlawful Deductions from Wages [Labor Code §§ 221, 223; IWC Wage Orders])**

117. Plaintiffs repeat and incorporate by reference paragraphs 1 through 116, inclusive, as though fully set forth herein.

118. Labor Code section 221 provides: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

119. Labor Code section 223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

120. Wage Order 1-2001, Section 8, provides that "No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused

1   by a dishonest or willful act, or by the gross negligence of the employee."

2       121.    During the class period, Defendants routinely made deductions from the Plaintiffs'

3   and class members' wages for licensing fees, sales and marketing fees, premium account fees,

4   royalty fees, and management fees.

5       122.    Defendants also made deductions for cleaning supplies and equipment that they

6   required Plaintiffs and the class members to purchase from them.

7       123.    Defendants also routinely deducted from the wages of Plaintiffs and the class

8   members an amount for a bond to secure the performance of the Plaintiffs and the class members

9   of their employment duties.  These deductions are in violation of Labor Code section 401, which

10  requires the employer to pay the cost of such a bond.

11      124.    Defendants made deductions from Plaintiffs' and the class members' wages as part

12  of a wrongful attempt to make Plaintiffs and the class members the insurers of Defendants'

13  merchandise, which is prohibited under California law.

14      125.    Defendants' withholding of wages from Plaintiffs and the class members in order

15  to recoup their losses from clients' nonpayment also constituted a device utilized by Defendants

16  to pay Plaintiffs and the class members less than their stated wages, which is a violation of Labor

17  Code section 221.

18      126.    Furthermore, the illegal deductions charged by Defendants against the wages of the

19  Plaintiffs and class members constituted a device utilized by Defendants to pay Plaintiffs and the

20  class members less than their stated wages, which is a violation of Labor Code section 221.

21      127.    Plaintiffs and the class members are entitled to recover the amounts illegally

22  deducted from their wages by Defendants according to proof at the time of trial.  Further, Plaintiffs

23  and the class members are entitled to recover penalties of $100 for the initial violation and $200

24  for each subsequent violation for every pay period in which Defendants made said illegal

25  deductions from the wages of Plaintiffs and the class members.  Under Labor Code section 218.5,

26  Plaintiffs and the class members are further entitled to recover their attorneys' fees and costs, in

27  an amount to be proven at the time of trial.

28  / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NINTH CAUSE OF ACTION**

**(Conversion)**

128.   Plaintiffs repeat and incorporate by reference paragraphs 1 through 127, inclusive, as though fully set forth at length herein.

129.   The Labor Code, and other applicable law, provide that wages become the property of the employee on the next pay day after they are earned.  In failing to pay and retaining the wages owed to Plaintiffs and each Plaintiff Class Member after they were earned, Defendants wrongfully exercised dominion and control over monies otherwise owed to Plaintiffs and each Plaintiff Class Member.  The amount of wages owed is capable of being made certain.

130.   As a direct and legal result of Defendants' actions, Plaintiffs and each Plaintiff Class Member have been damaged in amounts to be proven at trial.

131.   Defendants' conduct, in converting the pay owed to Plaintiffs and each Plaintiff Class Member pursuant to corporate practices and policies that Defendants knew violated applicable law, was willful, malicious, oppressive and done with conscious disregard of Plaintiffs' and each Plaintiff Class Member's rights, entitling Plaintiffs and each Plaintiff Class Member to punitive damages.

**TENTH CAUSE OF ACTION**

**(Unfair Business Practices - B&P Code § 17200 *et seq.*)**

132.   Plaintiffs repeat and incorporate by reference paragraphs 1 through 131, inclusive, as though fully set forth at length herein.

133.   The acts, statements and representations of Defendants, as set forth herein, constitute unlawful, unfair and fraudulent business practices pursuant to Business and Professions Code section 17200 *et seq.*

134.   The failure to pay minimum wage, overtime, and employees' missed meal and rest breaks is an unlawful, unfair and fraudulent business practice within the meaning of Business and Professions Code section 17200, *et seq.* including but not limited to a violation of the applicable State of California Industrial Welfare Commission Wage Orders, regulations and statutes, or is otherwise a practice which is unfair and unlawful, including that Defendants did not pay tax

**Plaintiffs' Third Amended Complaint**

1   contributions on accrued straight time and overtime compensation and other wages in the form of

2   FICA, Social Security, Medicare and Unemployment Insurance.

3          135.    This cause of action is brought under Business and Professions Code sections 17203

4   and 17204, commonly called the Unfair Competition Act, and in the alternative to the other causes

5   of action for damages.  Under this cause of action and pursuant to Business and Professions Code

6   section 17208, Plaintiffs and each Plaintiff Class Member seek restitution of wages, overtime

7   wages, breaks violation premium pay owed, and, where applicable, the Plaintiffs and each Plaintiff

8   Class Member seek penalties which are provided under Labor Code section 203, where such

9   wages, overtime wages and penalties were due to Plaintiffs and each Plaintiff Class Member during

10  the class period, commencing four (4) years prior to filing this complaint according to proof.

11         136.    This cause of action is brought as a cumulative remedy as provided in Business and

12  Professions Code section 17205, and is intended as an alternative remedy for restitution for

13  Plaintiffs and each Plaintiff Class Member for the time period, or any portion thereof, commencing

14  within four (4) years prior to the filing of this complaint, and as the primary remedy for Plaintiffs

15  and each Plaintiff Class Member for the time period of the fourth year prior to the filing of this

16  complaint, as such one year time period exceeds the statute of limitations on statutory wage and

17  penalty claims.

18         137.    As a result of Defendants' unlawful and unfair business practice of failing to pay

19  overtime and prompt payment of wages in violation of Labor Code sections 201 and 202, Plaintiffs

20  and each Plaintiff Class Member have suffered damages and are entitled to restitution in an amount

21  according to proof.

22         138.    Further, the Injunctive Relief Sub-Class Members request the violations of

23  Defendants alleged herein be enjoined, and other equitable relief as this Court deems proper,

24  including an order for the payment by Defendants of tax contributions on the unpaid wages in the

25  form of FICA, Social Security, Medicare, Unemployment and other appropriate payments.

26         139.    Wherefore, Plaintiffs and each Plaintiff Class Member request relief as hereinafter

27  prayed for.

28  / / /

**ELEVENTH CAUSE OF ACTION**

**(Theft of Labor [Labor Code §§ 216, 553 and 1199; Penal Code §§ 484 and 532])**

140.    Plaintiffs repeat and incorporate by reference paragraphs 1 through 139, inclusive, as though fully set forth at length herein.

141.    Plaintiffs are informed and believe, and thereon allege, that Defendants, by the acts and omissions described herein, including but not limited to promising to pay Plaintiffs and each Plaintiff Class Member for their labor while intending not to pay them in the proper amounts, knowingly and designedly, by false and/or fraudulent representations and/or pretenses, defrauded Plaintiffs and each Plaintiff Class Member.

142.    By defrauding Plaintiffs and each Plaintiff Class Member, Defendants violated Labor Code sections 216, 553 and 1199 and Penal Code sections 484 and 532.

143.    Plaintiffs and each Plaintiff Class Member have suffered, and continue to suffer, damages as a direct and legal result of Defendants' violation of Labor Code sections 216, 553 and 1199 and Penal Code sections 484 and 532. Plaintiffs and each Plaintiff Class Member are entitled to relief for the damages they have suffered as a result of Defendants' violation of Labor Code sections 216, 553 and 1199 and Penal Code sections 484 and 532, in amounts to be determined according to proof at trial.

144.    Plaintiffs and each Plaintiff Class Member are informed and believe, and thereon allege that Defendants acted willfully, knowingly and intentionally engaging in the conduct described herein. Plaintiffs and each Plaintiff Class Member are informed and believe and thereon allege that in doing the acts and engaging in the conduct herein alleged, Defendants acted in conscious disregard of the rights of Plaintiffs and each Plaintiff Class Member and engaged in despicable conduct which has subjected Plaintiffs and each Plaintiff Class Member to cruel and unjust hardship.

145.    Further, Plaintiffs and each Plaintiff Class Member are informed and believe and thereon allege that Defendants, in doing the acts and engaging in the conduct herein alleged, acted with oppression, fraud and malice, entitling Plaintiffs and each Plaintiff Class Member to punitive damages, pursuant to Civil Code section 3294 in an amount that will punish Defendants for the

1    conduct described herein and in an amount that will deter them and others from engaging in similar

2    conduct in the future.

3                                    **TWELFTH CAUSE OF ACTION**

4                                         **(Injunctive Relief)**

5           146.    Plaintiffs repeat and incorporate by reference paragraphs 1 through 145, inclusive,

6    as though fully set forth at length herein.

7           147.    As alleged above, Defendants have in the past and will continue to do so in the

8    future, unless enjoined, engage in the unlawful practice of not paying lawful minimum wage and

9    overtime compensation, not providing rest and meal periods or premium pay in lieu thereof, and

10   not promptly paying wages as required by Labor Code section 201-203, to the Injunctive Relief

11   Sub-Class.

12          148.    The members of the Injunctive Relief Sub-Class, who remain in a contractual and/or

13   employment relationship with Defendants, have been injured and damaged, and will continue to

14   be injured and damaged by the continued practices of Defendants of not paying lawful minimum

15   wage and overtime compensation, not providing rest and meal periods or paying premium pay in

16   lieu thereof, and not promptly paying wages as required by Labor Code sections 201-203. These

17   Class Members have no adequate remedy at law, and will be irreparably harmed by the

18   continuation of such unlawful practices of Defendants.

19          149.    Because Defendants have acted unlawfully as alleged above, and will continue to

20   so act in the absence of relief by this Court, preliminary and permanent injunctive relief is

21   appropriate, enjoining Defendants and their agents from engaging in such unlawful practices

22   heretofore alleged.

23          150.    Wherefore, Plaintiffs and each member of the Injunctive Relief Sub-Class request

24   relief as hereinafter prayed for.

25   / / /

26   / / /

27   / / /

28   / / /

**Plaintiffs' Third Amended Complaint**

# PRAYER FOR RELIEF

**Wherefore, Plaintiffs, on their own behalf and on behalf of the Plaintiff Class, pray as follows:**

1. That the Court determine this action may be maintained as a class action and certify the Plaintiff Class;

2. That the Court determine Defendants breached their contracts with Plaintiffs and each Plaintiff Class Member and award compensatory damages, interest thereon and consequential damages in an amount according to proof at trial;

3. That the Court determine Defendants made material misrepresentations to Plaintiffs and each Plaintiff Class Member in inducing them to enter into Janitorial Franchise Agreements and award compensatory damages, interest thereon and consequential damages in an amount according to proof at trial;

4. That Defendants be ordered to pay and judgment be entered for wages, overtime wages, premium pay compensation for unprovided rest and meal periods, and unreimbursed business expenses and losses, for Plaintiffs and each Plaintiff Class Member, according to proof at trial;

5. That Defendants be ordered to pay and judgment be entered for Labor Code section 203 penalties to Plaintiffs and each Plaintiff Class Member, according to proof at trial;

6. That Defendants be ordered to pay and judgment be entered for Labor Code section 558 penalties, according to proof at trial;

7. That Defendants be found to have engaged in unfair competition in violation of Business and Professions Code section 17200;

8. That Defendants be ordered and enjoined to pay restitution to Plaintiffs and each Plaintiff Class Member due to Defendants' unlawful and unfair business practices, including the wrongful withholding of wages according to proof, and interest thereon pursuant to Business and Professions Code sections 17203 and 17204;

9. For a declaratory judgment;

**Plaintiffs' Third Amended Complaint**

10.   For preliminary and permanent injunctive relief, including the payment by Defendants of tax contributions on the accrued overtime compensation in the form of FICA, Social Security, Medical, Unemployment Insurance or other appropriate payments;

11.   For punitive damages according to proof;

12.   That Plaintiffs and Plaintiff Class Members be awarded attorneys' fees and costs pursuant to statute, including but not limited to Labor Code section 1194 and Code of Civil Procedure section 1021.5;

13.   Otherwise determine the appropriate remedy to compensate Plaintiffs and each Plaintiff Class Member as required to promote fairness and justice, including but not limited to establishing procedures for compensation, determining compensation amounts, and fluid recovery if appropriate;

14.   Pre-judgment interest; and

15.   Any other relief this Court deems proper.


**CADENA CHURCHILL, LLP**


Dated: 10/25/2010                    By: s/ Raul Cadena
                                     Raul Cadena, Esq.
                                     Attorney for Plaintiffs

**Plaintiffs' Third Amended Complaint**