UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SABRINA LAGUNA, an individual; CARLOS ACEVEDO, an individual; TERESA SALAS, an individual; and ROES 3-50 on behalf of themselves and in a representative capacity for all others similarly situated,

Plaintiffs,

v.

COVERALL NORTH AMERICA, INC., a Delaware corporation; ALLIED CAPITAL CORPORATION, a Maryland corporation; ARES CAPITAL CORPORATION, a Maryland corporation; CNA HOLDING CORPORATION, a Delaware Corporation; TED ELLIOTT, an individual; DOES 5-50 inclusive,

Defendants.

CASE NO. 3:09-CV-02131-JM (BGS)

*(Assigned to Hon. Jeffrey T. Miller and Hon. Bernard G. Skomal)*

**CLASS ACTION**

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION**

Judge: Hon. Jeffrey T. Miller
Courtroom: 16

On September 12, 2011, the parties submitted a Motion for Conditional Certification of Class for Settlement Purposes Only and for Preliminary Approval of Class Action Settlement. (Doc. No. 241). On September 19, 2011, the court heard argument concerning the Motion. The court reviewed the Motion, including the Settlement Agreement and Release (“Agreement”), and the attendant submissions. Based on this review and the findings below,

the court HEREBY ISSUES THE FOLLOWING

**FINDINGS:**

1. The Agreement is fair, reasonable, and adequate;
2. The Notice of Class Action Settlement ("Notice") and the Claim Form comply with due process because the notice and form are reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement or object to the settlement;
3. The Class is so numerous that joinder of all Class Members is impracticable;
4. The claims of Sabrina Laguna, Carlos Acevedo, and Teresa Salas (Plaintiffs") claims are typical of the Class' claims;
5. There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members; and
6. Class Certification is superior to other available methods for the fair and efficient adjudication of the controversy.

**IT IS ORDERED THAT:**

1. **Settlement Approval**. The Agreement, including the Notice and Claim Form in substantially the same form attached to the Agreement as Exhibits B & C, is preliminarily approved.
2. **Provision of Class Notice and Claim Form**. Defendants will notify Class Members of the settlement in the manner specified under Paragraph 14 of the Agreement and will also provide Class Members who are Former Franchise Owners with the Claim Form. Class Members who are former Coverall Franchise Owners must accurately complete and deliver a Claim Form to the Claims Administrator postmarked no later than November 8, 2011.

Defendants will pay all reasonable costs associated with claims administration and providing notice to class members.

3. **Objection to Settlement**. Class members who have not submitted a timely written exclusion request pursuant to paragraph 5 below and who want to object to the fairness, reasonableness or adequacy of the Settlement Agreement or the proposed Settlement must comply with paragraph 13.3 of the Settlement Agreement and must deliver written objections on or before October 24, 2011 to Plaintiffs' Counsel and Defendants' Counsel and must file such objection with the court. If any objector intends to appear at the Final Fairness and Approval Hearing, whether in person or through counsel, he or she will include notice of the fact and state the purpose for his or her appearance in his or her objection. Class Members, or their attorneys, intending to make an appearance at the Final Fairness and Approval Hearing, must deliver to Settlement Class Counsel and Defendants' counsel, and file with the court, by Monday, October 24, 2011, a Notice of Intention to Appear. The Notice of Intention to Appear must: (a) state how much time the Settlement Class Member and/or their attorney anticipates needing to present the objection; (b) identify, by name, address, telephone number and detailed summary of testimony, all witnesses from whom the Settlement Class Member and/or their attorney intends to present any testimony; and (c) identify all exhibits the Settlement Class Member and/or their attorney intends to offer in support of the objection and attach complete copies of all such exhibits. After timely submitting a written objection and Notice of Intent to appear, any objector may appear personally or by counsel at the Final Fairness and Approval Hearing and express his or her views regarding the fairness and reasonableness of the Settlement as set forth in the Settlement Agreement, Settlement Class Counsel's application for an award of attorneys' fees and costs, and the application for an enhancement award to the Class

Representatives, and may present evidence and file other papers relevant to the issues to be heard and determined by this court.

4. **Failure to Object to Settlement.** Class members who fail to object to the Agreement in the manner specified above will: (a) be deemed to have waived their right to object to the Agreement; (b) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Agreement; and (c) not be entitled to speak at the Fairness Hearing.

5. **Requesting Exclusion**. Class members who want to be excluded from the settlement must send a letter or postcard to the Claims Administrator no later than October 24, 2011 stating: (a) the name of the Action and case number, "*Laguna, et al. v. Coverall North America, Inc., et al.,* S.D. Cal. Case No. 09-cv-02131," (b) the full name, address, and telephone number of the person requesting exclusion, and (c) a statement that the person is a Settlement Class Member and wishes to be excluded from the Class. The delivery date is deemed to be the date the form is deposited in the U.S. Mail as evidenced by the postmark. No request for exclusion will be valid unless all of the information above is included. Coverall is to provide Settlement Class Counsel a list of Class members who have timely and validly excluded themselves from the Class no later than ten (10) business days before the filing date for Plaintiffs' motion in support of the final approval of the Settlement Agreement.

6. **Provisional Certification**. The Class is provisionally certified as a class of all persons or entities who (1) executed a Janitorial Franchise Agreement with Coverall for a franchise to be located in the State of California, and (2) between August 8, 2004, and entry of the Preliminary Approval Order, performed janitorial or cleaning services in the State of California pursuant to a Janitorial Franchise Agreement entered into between the person(s)

or entity and Coverall.

7. **Appointment of Class Representatives and Class Counsel**. Plaintiffs Sabrina Laguna, Carlos Acevedo, and Teresa Salas are conditionally certified as the Class Representatives to implement the Parties' settlement in accordance with the Agreement. L. Tracee Lorens of Lorens and Associates, APLC, and Raul Cadena of Cadena Churchill, LLP, are appointed as Settlement Class Counsel. Plaintiffs and Settlement Class Counsel must fairly and adequately protect the Class' interests.

8. **Termination**. If the Agreement terminates for any reason, the following will occur: (a) Class certification will be automatically vacated; (b) Plaintiffs will revert to functioning as putative class representatives as if no class had been certified; and (c) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Agreement. This Order will not waive or otherwise impact the Parties' rights or arguments.

9. **No Admissions.** Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

10. **Fairness Hearing**. On November 21, 2011, at 9:00 a.m., or as soon thereafter as may be heard, this court will hold a Final Fairness and Approval Hearing to determine whether: (a) the Agreement should be finally approved as fair, reasonable, and adequate; (b) Settlement Class Counsel's Application for an award of attorneys' fees and costs should be granted; and (c) subject to the terms of the Settlement Agreement, the court should approve an incentive award to the Class Representatives. All papers supporting Final Approval of this Agreement, including Settlement Class Counsel's application for attorneys' fees, costs, expenses and incentive award, must be filed with the court seven (7) days prior to the Final Fairness and Approval Hearing. This court may order the Final Fairness Hearing to be

postponed, adjourned, or continued. If that occurs, Defendants will not be required to provide additional notice to class members.

**IT IS SO ORDERED.**

Dated: September 19, 2011

Hon. Jeffrey T. Miller
United States District Court Judge