SHANNON LISS-RIORDAN, *pro hac vice*, sliss@llrlaw.com
HILLARY SCHWAB, *pro hac vice*, hschwab@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
Telephone: (617) 994-5800
Facsimile: (617) 994-5801

AARON KAUFMANN, Cal. Bar # 148580, adkins@hinton-law.com
HINTON ALFERT SUMNER & KAUFMANN
1646 North California Boulevard, Suite 600
Walnut Creek, CA 94596
Telephone: (925) 932-6006
Facsimile:  (925) 932-3412
*Local Counsel*

*Attorneys for Objector Amrit Singh*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SABRINA LAGUNA, an individual; CARLOS ACEVEDO, an individual; TERESA SALAS, an individual; and ROES 3-50 on behalf of themselves and in a representative capacity for all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COVERALL NORTH AMERICA, INC., a Delaware corporation, ALLIED CAPITAL CORPORATION, a Maryland Corporation; ARES CAPITAL CORPORATION, a Maryland corporation; CNA HOLDING CORPORATION, a Delaware Corporation; TED ELLIOTT, an Individual; DOES 5-50 inclusive, <br><br> Defendants. | CASE NO. 3:09-CV-02131-JM (BGS) <br><br> *(Assigned to Hon. Jeffrey T. Miller and Hon. Bernard G. Skomal)* <br><br> **MOTION FOR TELEPHONE CONFERENCE REGARDING ISSUE OF DEPOSITION OF OBJECTOR AMRIT SINGH** <br><br> Date: <br> Time: <br> Judge: Hon. Jeffrey T. Miller <br> Courtroom: 16 |

At the Fairness Hearing held on November 21, 2011, the Court and the parties discussed the issue of whether Objector Amrit Singh should be deposed. Through his counsel, Singh stated his opposition to being deposed, but his willingness to being deposed that day if the Court so ordered. The Court then gave the parties the option of deposing him that day, which they declined. See Excerpts of Transcript of Fairness Hearing (November 21, 2011, morning session), at 24 (attached here as Exhibit 1).[1] At the end of the afternoon session of the Fairness Hearing, the Court stated: "We are now toward the end of the day and I don't see the need for that [taking Mr. Singh's deposition], quite frankly." See Excerpts of Transcript of Fairness Hearing (November 21, 2011, afternoon session), at 47 (attached here as Exhibit 2). Ms. Lorens also agreed there was no need to take his deposition, see id.,[2] and Defendants' counsel did not state that they still desired to take his deposition.

Two weeks later, on December 5, 2011, Magistrate Judge Patrick J. Walsh, from the Central District of California, convened a telephone conference to address Objector Amrit Singh's Emergency Motion to Quash Subpoena, which had been filed on November 9, 2011.[3] During the phone conference (and in e-mail correspondence and telephone discussions earlier with Magistrate

---

[1] Ms. Lorens stated: "Because of travel plans and holidays and whether we could get a court reporter this afternoon, we have opted to go forward with the hearing today, but we would like to reserve the right to take Mr. Singh's deposition if *something comes up today* that would affect final approval." See Exhibit 1, at 24 (emphasis added).

[2] Ms. Lorens stated: "No. We don't feel the need to depose him right now." See Exhibit 2, at 47. Following that date, and until the conference with Magistrate Judge Walsh on December 5, 2011, described below, neither Ms. Lorens nor Defendants' counsel stated any further desire to depose Mr. Singh.

[3] Singh, through his counsel, had attempted to withdraw the motion as moot following the Fairness Hearing on November 21, 2011, but had not yet succeeded in withdrawing it. (Because Singh's counsel had not been admitted to the Central District, his counsel's office was unsure of how to withdraw the motion procedurally and had left several messages for the court's clerk, explaining the intent to withdraw the motion, but had not yet received a response.)

Judge Walsh's clerk), Singh's counsel explained that the issue was moot, that at the end of the fairness hearing this Court had stated that he saw no need for Mr. Singh's deposition, and that the parties had not stated otherwise.  Nevertheless, Magistrate Judge Walsh ordered the deposition to proceed on Thursday, December 15, 2011.[4]

Given that the Fairness Hearing has already taken place, and there is no apparent need for Singh to be deposed (and this Court, as well as the parties to the action, acknowledged at the hearing that there was no need for the deposition to be taken), Singh respectfully requests that the Court order that the deposition need not proceed on December 15, 2011.[5]

Singh requests and suggests that this issue could be resolved expeditiously through a telephone conference with counsel.  Singh therefore requests that the Court schedule a telephone conference at the Court's earliest convenience.

---

[4] Magistrate Judge Walsh also sanctioned Singh's counsel (in the amount of $500) for several procedural violations.  These included not having withdrawn the motion to quash despite it being moot (which counsel attempted to explain that her office had been attempting to withdraw), not having filed *pro hac vice* motions (which were in the process of being filed, but apparently were not filed after the motion appeared moot following the fairness hearing), filing the motion to quash with the district court judge rather than the magistrate (which counsel has now learned they would have been prompted to do when e-filing, but as they had not been admitted, the motion was not filed by e-filing), and not having a local counsel who was admitted in the Central District (though their local counsel is admitted in the Central District).

[5] As explained at the hearing, Singh contends that requiring that an objector to a class action settlement be deposed would impermissibly chill objectors to settlements.  In this matter, given that Singh (as he had explained to the parties was his intent in advance of the hearing) did not himself speak at the hearing, but made his objection through counsel, there is particularly no reason for him to be deposed (particularly now after the hearing has already taken place).  In addition, Singh stated at the hearing that he was willing to be deposed that day if the Court so ordered, but the parties declined.  Between the hearing on November 21, 2011, and the conference call with Magistrate Judge Walsh on December 5, 2011, Singh had received no notice from the parties that they had changed their minds and now wanted to depose him.  It appears that the parties simply expressed a desire on the conference call with Magistrate Judge Walsh to take the deposition because it was apparent that Magistrate Judge Walsh was prepared to order the deposition to go forward.

Respectfully Submitted,

AMRIT SINGH,

By his attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, *pro hac vice*
Hillary Schwab, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800

AARON KAUFMANN, Cal. Bar # 148580
HINTON ALFERT SUMNER & KAUFMANN
1646 North California Boulevard, Suite 600
Walnut Creek, CA 94596
(925) 932-6006

**CERTIFICATE OF SERVICE**

   I hereby certify that a copy of this document was served by electronic filing on December 7, 2011, on all counsel of record.

 /s/  Shannon Liss-Riordan
Shannon Liss-Riordan, Esq.