1                   United States District Court

2                 Southern District of California

3

4   SABRINA LAGUNA, an individual,)
    et al.,                       )
5                                 )
                      Plaintiffs, )
6                                 )
        vs.                       ) Case No. 09-CV-2131 JM
7                                 ) Fairness/Motion Hearing
    COVERALL N.A., et al.,        )
8                                 )
                      Defendants. ) Monday, November 21, 2011
9   _____) Morning Session

10

11          Before the Honorable Jeffrey T. Miller
                United States District Judge

12  Appearances:
    For the Plaintiffs:      Lynda Tracee Lorens, Esq.
13                           LORENS AND ASSOCIATES

14                           Raul Cadena, Esq.
                             Nicole Roysdon, Esq.
15                           CADENA CHURCHILL

16  For the Defendants:      Norman M. Leon, Esq.
                             DLA Piper

17

18                           Mazda K. Antia, Esq.
                             COOLEY GODWARD KRONISH

19  For the Objector:        Shannon Liss-Riordan, Esq.
                             Hillary Schwab, Esq.
20                           LICHTEN & LISS-RIORDAN

21  Official Court Reporter: Debra M. Henson, CSR, RPR
                             U.S. Courthouse
22                           940 Front Street, Suite 5190
                             San Diego, CA  92101
23                           (619) 238-4538

24

25          Record produced by stenographic reporter

1  efforts, not able to get that heard.  I informed Coverall and

2  plaintiffs' counsel not only that I was not available on the

3  date, which was November 10, not November 14, that they had

4  subpoenaed him, I told him that he wouldn't be appearing,

5  there was no need for them to undergo the costs to appear

6  there themselves in order to make a point.  Apparently they

7  just did that.

8          Nevertheless, again, I would submit that I

9  understand that there are certain procedures that the Court

10  may order to allow people to speak at objection hearings.  I

11  feel that in the usual course, what the Courts may be more

12  used to seeing when there are objectors are what's been

13  called frivolous or vexatious objections; this is certainly

14  not one of them.  This is a substantive, real objection to a

15  settlement that would be an abuse of the process, and I

16  respectfully urge this Court to hear and consider the

17  objection on its merits.

18          And just one last thing.  Another thing that I did

19  point out to both Coverall and plaintiffs' counsel was that

20  we knew we would be before your Honor today, and that if

21  after hearing from objector as well as both parties, if the

22  Court thought, as was pointed out in this order that I --

23  that I mentioned, the Daniels case, if the Court thought that

24  discovery was necessary or that further development of the

25  facts was necessary as a result of this hearing, we could

1   take it up then but we would put it before you.  Mr. Singh is

2   here.  If you want to order that he be deposed based on what

3   comes out of this, that would be fine.  I've just -- the idea

4   that he would be subject to a deposition based on an

5   agreed-upon joint order submitted by the parties to this

6   Court without anyone having the opportunity to oppose it just

7   frankly seems patently unfair when it was this settlement

8   itself that he's objecting to.

9         THE COURT:  Well, that last statement you made more

10  or less dovetails with a question I had and perhaps even a

11  way of going forward.  Everyone is here today.  I know Ms.

12  Lorens phrased it as a legitimate inquiry, that is the

13  purpose of a deposition, being a legitimate inquiry into Mr.

14  Singh's status in all of this, what his understanding of the

15  settlement is, and to allow counsel some opportunity to

16  inquire at their discretion into his -- into that

17  understanding and his connection to this case.

18        Ms. Lorens, Mr. Leon, would you be willing to

19  arrange for a deposition of Mr. Singh either later this

20  morning or this afternoon and then perhaps have a transcript

21  expedited, delivered to the Court, which would suffice as his

22  testimony in this case?  Do you want a few minutes to confer

23  about that?

24        MR. LEON:  If we could, your Honor.

25        THE COURT:  And I think that might -- actually what

1    I'm thinking about doing at this point is providing counsel

2    and Mr. Singh with that option because there appears to be

3    obviously a desire on the part of the parties here to depose

4    Mr. Singh, Ms. Liss-Riordan is apparently agreeable to that,

5    so I'm thinking, you know, that might be an appropriate way

6    to proceed with a deposition with an expedited transcript,

7    and giving counsel an opportunity to make their argument at

8    this point with the matter being submitted once that

9    transcript comes in.  That's one thought I have.

10   Ms. Liss-Riordan, what's your reaction to that?

11              MS. LISS-RIORDAN:  I'm going to object again to an

12   objector being subject to deposition, but if that's the

13   Court's order, he'll be available to do that.

14              THE COURT:  But you just said that you thought if

15   the parties wanted to proceed with and take his deposition,

16   that would be acceptable to you.

17              MS. LISS-RIORDAN:  I said if the Court ordered

18   that; if that's your order, of course we will abide by it.

19   But because the agreement itself provides that he can submit

20   his objection through counsel, and that was his intent,

21   again, I think this would in the future have a chilling

22   effect on objectors.  But he's here, and we'll submit --

23              THE COURT:  So you're happy -- you're happy just to

24   have -- to have yourself arguing as his point of view, his

25   perspective, his objection in this case?

1          MS. LISS-RIORDAN:  Well, the settlement agreement

2    allows for it.  I mean he's happy to stand up and answer any

3    questions the Court has.  If you -- if the Court believes he

4    needs to be deposed, again, I'll note my objection for the

5    record, but the Court's order we'll abide by.

6          THE COURT:  So you just prefer to argue your point

7    at this time, that is, to argue the basic unfairness of the

8    proposed settlement and have the matter submitted on the

9    basis of all the papers; is that correct?

10          MS. LISS-RIORDAN:  I think that's the way it's

11   typically done, yes.  That's -- that's what I would suggest.

12          THE COURT:  Okay.  And counsel, Ms. Lorens,

13   Mr. Leon, you want to discuss this for a moment?  I think you

14   have two options here; I think you have the option of

15   having -- just having the hearing proceeding with all the

16   parties and Mr. Singh having their respective positions

17   advanced by counsel in a typical fairness hearing, and the

18   alternative being if you want to depose Mr. Singh now, that

19   option may be available to you.  I think counsel is not --

20   well, I don't want to paraphrase Ms. Liss-Riordan's thoughts,

21   but I have the feeling she's making an objection to preserve

22   the record as opposed to making a truly substantive objection

23   here to a deposition going forward.

24          Why don't you take five minutes and discuss it.  I

25   invite -- you know, if you wish to be -- to have

1   Ms. Liss-Riordan a part of that process, then I suggest you

2   invite her into the dialog, and we'll be with you shortly and

3   we'll see where we go from here.   Thank you.

4         MR. LEON:   Thank you, your Honor.

5      (There was a break in the proceedings.)

6         THE COURT:   Okay.   Hopefully counsel have had an

7   opportunity to chat amongst themselves.   Who would like to be

8   heard at this point.   Ms. Lorens?

9         MS. LORENS:   Yes, sir.   Because of travel plans and

10  holidays and whether we could get a court reporter this

11  afternoon, we have opted to go forward with the hearing

12  today, but we would like to reserve the right to take Mr.

13  Singh's deposition if something comes up today that would

14  affect final approval.

15        On that note, I should advise the Court that the

16  CAFA notice did go out.   It's one of Ms. Riordan's

17  objections.   And the 90 days for the Attorney Generals to

18  object doesn't fall until December 26, so we believe this

19  really can't go final until December 27, so there would be

20  some time in there if we decided after today's hearing that

21  we really needed that deposition.

22        THE COURT:   Okay.   So basically you're proposing

23  that counsel merely argue the matter at this time; is that

24  correct?

25        MS. LORENS:   Yes, sir.