```
 1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF CALIFORNIA
 2
          BEFORE THE HONORABLE JEFFREY T. MILLER, JUDGE PRESIDING
 3

 4


 5   SABRINA LAGUNA, AN INDIVIDUAL;      ) CASE NO. 09CV2131-JM
     CARLOS ACEVEDO, AN INDIVIDUAL;      )
 6   TERESA SALAS, AN INDIVIDUAL; AND    )
     ROES 3-50 ON BEHALF OF THEMSELVES   )
 7   AND IN A REPRESENTATIVE CAPACITY    )
     FOR ALL OTHERS SIMILARLY SITUATED,  ) SAN DIEGO, CALIFORNIA
 8                                       ) NOVEMBER 21, 2011
                  PLAINTIFFS,            ) 2:03 P.M.
 9                                       )
              -V-                        )
10                                       )
                                         )
11   COVERALL NORTH AMERICA, INC., A     )
     DELAWARE CORPORATION; ALLIED CAPITAL)
12   COPORATION, A MARYLAND CORPORATION; )
     ARES CAPITAL CORPORATION, A         )
13   MARYLAND CORPORATION; CNA HOLDING   )
     CORPORATION, A DELAWARE CORPORATION,)
14   TED ELLIOTT, AN INDIVIDUAL;         )
     AND DOES 5-50 INCLUSIVE,            )
15                                       )
                  DEFENDANTS.            )
16   _____)

17

18

19              REPORTER'S TRANSCRIPT OF PROCEEDINGS

20

21

22

23

24    OFFICIAL REPORTER:    JEANNETTE N. HILL, C.S.R.
                            (619) 702-3905
25
```

NOVEMBER 21, 2011 P.M.

```
 1   APPEARANCES:

 2   FOR THE PLAINTIFFS:    L. TRACEE LORENS, ESQ.
                            LORENS & ASSOCIATES, APLC
 3                          701 B STREET, SUITE 1400
                            SAN DIEGO, CALIFORNIA 92101
 4
                            RAUL CADENA, ESQ.
 5                          CADENA CHURCHILL LLP
                            701 B STREET, SUITE 1400
 6                          SAN DIEGO, CALIFORNIA 92101

 7   FOR THE DEFENDANTS:    NORMAN M. LEON, ESQ.
                            DLA PIPER US LLP
 8                          203 N. LASALLE STREET, SUITE 1900
                            CHICAGO, ILLINOIS 60601
 9
                            MAZDA K. ANTIA, ESQ.
10                          COOLEY LLP
                            4401 EASTGATE MALL
11                          SAN DIEGO, CALIFORNIA 92101

12   OTHER:                 SHANNON LISS-RIORDAN, ESQ.
                            LICHTEN & LISS-RIORDAN, P.C.
13                          100 CAMBRIDGE STREET, 20TH FLOOR
                            BOSTON, MASSACHUSETTS 02114
14

15

16

17

18

19

20

21

22

23

24

25
```

                        NOVEMBER 21, 2011 P.M.

1   STEMMING FROM ALTER EGO AND JOINT EMPLOYER CLAIMS.  AS WE HAVE
2   MAINTAINED FROM DAY ONE, WE DON'T BELIEVE THERE IS ANY MERIT TO
3   THESE CLAIMS AND THAT DISCOVERY, INDEED, HAS BORNE THIS OUT.
4            THE ONE THING THAT HASN'T BEEN MENTIONED TODAY IS
5   THAT DISCOVERY HAS CLOSED IN THIS CASE.  THIS SETTLEMENT IS
6   ONLY A BYPRODUCT AFTER A FULL COURSE OF DEALINGS IN THIS CASE
7   FROM MOTIONS TO DISMISS -- WHICH ACTUALLY ARE STILL PENDING --
8   TO CLASS CERTIFICATION BRIEFING, TO THE CLOSE OF ACTUAL
9   MERITS-BASED DISCOVERY.
10           BUT ALL THAT SAID, THE ISSUE OF WHETHER MY CLIENTS
11  CAN WIN ON SUMMARY JUDGMENT IS NOT BEFORE YOU.  BUT WHAT IS
12  BEFORE YOU IS THAT I MAINTAIN, ALONG WITH MR. LEON AND THE
13  PLAINTIFFS' COUNSEL, THAT THIS SETTLEMENT IS FAIR, REASONABLE
14  AND ADEQUATE.
15           AND THUS, UNLESS YOU HAVE ANY OTHER QUESTIONS
16  SPECIFIC TO ARES CAPITAL, I WILL SUBMIT ON THAT BASIS.
17           **THE COURT:**  NO QUESTIONS FOR YOU, MR. ANTIA.  THANK
18  YOU.
19           OKAY.  WHAT I WOULD LIKE TO DO IS TAKE THIS MATTER
20  UNDER SUBMISSION NOW.
21           YOU KNOW, MS. LORENS, EARLIER YOU WERE PERHAPS
22  IMPLYING THAT YOU MAY NOT HAVE GREAT CLARITY ON WHAT
23  MR. SINGH'S POSITION IS IN ALL OF THIS.  AND I DON'T KNOW IF
24  YOU WERE SUGGESTING THAT A DEPOSITION, AT THIS POINT, GO
25  FORWARD.  I KNOW THAT WAS ONE OPTION THAT YOU WERE AT LEAST

NOVEMBER 21, 2011 P.M.

1  TOYING WITH EARLIER THIS MORNING.  WE ARE NOW TOWARD THE END OF
2  THE DAY AND I DON'T SEE THE NEED FOR THAT, QUITE FRANKLY.  I
3  IMAGINE THE ANSWER TO THE QUESTION OF WHETHER MR. SINGH WANTS
4  IN OR OUT OF THE SETTLEMENT -- PURPORTED SETTLEMENT -- IS
5  PROBABLY PRETTY CLEAR AT THIS POINT.  I DON'T KNOW THAT IT'S
6  NECESSARY TO GET ANY MORE INFORMATION FROM MR. SINGH.  I THINK
7  THAT WAS ONE LOOSE END THAT WAS LEFT.
8          DO YOU HAVE ANY DESIRE IN PROCEEDING FURTHER WITH
9  MR. SINGH?
10         **MS. LORENS:**  NO.  WE DON'T FEEL THE NEED TO DEPOSE
11 HIM RIGHT NOW.  HOWEVER, IF HE WOULD LIKE TO OPT-OUT OF THE
12 SETTLEMENT -- I DID DISCUSS IT BRIEFLY WITH DEFENSE COUNSEL --
13 NO ONE WOULD OBJECT IF HE WOULD LIKE TO OPT-OUT OF THE
14 SETTLEMENT AND PURSUE HIS OWN CLAIMS BASED ON THE PRESENTATION
15 HE HAS MADE HERE TODAY THROUGH HIS COUNSEL.
16         **THE COURT:**  OKAY.  ALL RIGHT.
17         **MS. LISS-RIORDAN:**  YOUR HONOR, MAY I RESPOND BRIEFLY
18 TO SOME OF THE POINTS?
19         **THE COURT:**  BRIEFLY, PLEASE.  THANK YOU.
20         **MS. LISS-RIORDAN:**  I APPRECIATE THE COURT'S
21 INDULGENCE.  FIRST OF ALL, WITH RESPECT TO THE QUESTION AS TO
22 WHETHER OR NOT MR. SINGH WANTS TO OPT-OUT, I APPRECIATE THE
23 PARTIES NOW REVISING THE AGREEMENT IN LIGHT OF WHAT HAS
24 HAPPENED HERE, BUT THE POINT IS -- IS THAT IF MR. SINGH
25 OPTS-OUT, HE IS NOT ABLE TO PRESS HIS OBJECTION ON BEHALF OF

1  THE 1500 CLASS MEMBERS, MINUS THE 119 THAT HAVE SUBMITTED
2  CLAIMS FORM, WHICH HE WANTS TO DO.  SO I WANT TO POINT THAT
3  OUT.
4            I WANT TO STRESS FOR THE COURT THAT UNDER THE CLASS
5  ACTION FAIRNESS ACT, CONGRESS TOOK SPECIAL PAINS TO DETERMINE
6  THAT CERTAIN TYPES OF CASES SHOULD BE HEARD IN FEDERAL COURT,
7  NOT STATE COURT, WITH AN UNDERSTANDING THAT FEDERAL JUDGES
8  WOULD LOOK CLOSELY AT SETTLEMENTS AND DETERMINE WHETHER THEY
9  ACTUALLY ARE OF VALUE TO CLASS MEMBERS, IN DETERMINING WHETHER
10 TO APPROVE IT.  AND THIS SHOULD BE AN ANALYSIS WITH TEETH,
11 PARTICULARLY WHEN THERE IS A SIGNIFICANT OBJECTION STATED, AS
12 MR. SINGH HAS STATED.  IT'S NOT A QUESTION OF QUANTITY, WHAT
13 PERCENTAGE OF THE CLASS OBJECTED.  THE COURT SHOULD LOOK AT THE
14 QUALITY AND MERITS OF THE OBJECTION, NOT THE NUMBER OF CLASS
15 MEMBERS WHO REALIZED THAT THESE ARGUMENTS EXIST BECAUSE
16 PLAINTIFFS' COUNSEL AND THE COURT HAVE A DUTY TO THESE MEMBERS.
17           SIGNIFICANTLY, THERE ARE SO MANY MISSTATEMENTS THAT
18 ARE STILL OUT THERE.  I JUST STILL CANNOT GET OVER THE FACT
19 THAT THE PARTIES, INCLUDING THE PLAINTIFFS, STILL CAN'T TELL
20 THIS COURT THE CASH VALUE OF THE SETTLEMENT IS $875,000 AND
21 THAT ALL THEY COULD GET OUT OF COVERALL'S FINANCIAL STATEMENTS
22 IS $57,000 IN CASH THAT WOULD BE PAID TO CLASS MEMBERS.  THAT
23 ALONE, I THINK, CALLS INTO SEVERE QUESTION THE SETTLEMENT.
24           THE POINT-BY-POINT RECITATION.  MR. LEON DIDN'T
25 RESPOND TO MOST OF THE POINTS THAT I MADE ABOUT THE