SHANNON LISS-RIORDAN, Mass. BBO #640716, sliss@llrlaw.com (*Pro Hac Vice*)
HILLARY SCHWAB, Mass. BBO #666029, hschwab@llrlaw.com (*Pro Hac Vice*)
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
Telephone: 617.994.5800
Facsimile: 617.994.5801

MONIQUE OLIVIER, Cal. Bar #190385, monique@dplolaw.com
DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Telephone: 415.433.0333
Facsimile:  415.449.6556
*Local Counsel*

*Attorneys for Objector Amrit Singh*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SABRINA LAGUNA, an individual; CARLOS ACEVEDO, an individual; TERESA SALAS, an individual; and ROES 3-50 on behalf of themselves and in a representative capacity for all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COVERALL NORTH AMERICA, INC., a Delaware corporation, ALLIED CAPITAL CORPORATION, a Maryland Corporation; ARES CAPITAL CORPORATION, a Maryland corporation; CNA HOLDING CORPORATION, a Delaware Corporation; TED ELLIOTT, an Individual; DOES 5-50 inclusive,<br><br>Defendants. | CASE NO. 3:09-CV-02131-JM (BGS)<br><br>*(Assigned to Hon. Jeffrey T. Miller and Hon. Bernard G. Skomal)*<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF AMRIT SINGH'S OBJECTION TO CLASS ACTION SETTLEMENT**<br><br>Complaint Filed:    August 3, 2008<br>Discovery Cutoff:  February 1, 2011<br>Trial Date:              February 27, 2012 |

1

Objector Amrit Singh respectfully submits this Notice of Supplemental Authority in support of his Objection to Class Action Settlement (Docket No. 253) to bring to the Court's attention an order that was entered today by the Honorable Samuel Conti in the case of <u>Juarez et al. v. Jani-King of California, Inc.</u>, Case No. 09-03495 (N.D. Cal. Feb. 16, 2012).  In that Order (attached here as Exhibit A), Judge Conti granted Plaintiffs' Motion for Certification Pursuant to 28 U.S.C. § 1292(b) and Staying Further Proceedings Pending Appeal.  Judge Conti thus certified to the Ninth Circuit the issue of whether "janitorial franchisees" were misclassified as independent contractors.  The court found "that there is substantial ground for difference of opinion" on the issue of whether <u>Cislaw v. Southland Corporation</u>, 4 Cal.App.4th 1284 (Cal.Ct.App. 1992), applies to the plaintiff franchisees' Labor Code claims and noted that "[c]ourts in other states have reached different conclusions as to what test should apply to employment classification claims brought in the franchise context," <u>Juarez</u> (Exhibit A), at 3 (citing <u>Hayes v. Enmon Enters., LLC</u>, 10-CV-00382, 2011 U.S. Dist. LEXIS 66736 (S.D. Miss. June 22, 2011); <u>Awuah v. Coverall N. Am. Inc.</u>, 707 F.Supp.2d 80 (D.Mass. 2010); <u>Coverall N. Am. Inc. v. Division of Unemployment Assistance</u>, 447 Mass. 852 (2006)), and also citing the Ninth Circuit's recent decision in <u>Ruiz v. Affinity Logistics Corp.</u>, -- F.3d --, 2012 U.S. App. LEXIS 2450, at *9 (9th Cir. Feb. 8, 2012).

Given that the parties in this case have relied heavily on Judge Conti's rulings in <u>Jani-King</u> to argue that the plaintiffs in this case could not prevail on their claims that they were misclassified as independent contractors, this development is particularly noteworthy to the current dispute.

Dated: February 16, 2012

AMRIT SINGH
By his attorneys,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan, Mass. BBO #640716 (*Pro Hac Vice*)
Hillary Schwab, Mass. BBO #666029 (*Pro Hac Vice*)
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800